WILLIAM B. VAN BRUNT, ADMINISTRATOR, ETC., v. THE CINCINNATI, JACKSON & MACKINAW RAILROAD COMPANY

*Railroad companies—Negligence—Damages.*

The "fair and just damages" which the jury are authorized to assess against a railroad company, in a suit under How. Stat. § 3392, must have reference to the *pecuniary* injury resulting from the death which is the basis of the action.

Error to Calhoun.    (Hooker, J.)    Argued ·October 31, 1889.    Decided December 28, 1889.

Case.    Plaintiff brings error.    Affirmed.    The facts are stated in the opinion.

*John C. Patterson* and *Jesse M. Hatch,* for appellant.

*Miner & Southworth,* for defendant.

[The points of counsel and authorities cited are stated in the opinion.—REPORTER.]

MORSE, J.    William H. Van Brunt, the plaintiff's intestate, while in the employ of the defendant as brakeman on a freight train, was crushed between defendant's caboose car No. 86 and caboose car No. 88, on January 1, 1888, at Marshall, and died from his injuries on the

next day, about five hours after the injury. The administrator brought suit to recover damages on account of such injury and death. The court below directed a verdict for the defendant. The court based its direction, among other things, upon the ground that no damages were shown.

The declaration was in four counts, in each of which it was alleged that the claim for damages was expressly based upon sections 7 and 8 of article 5 of an act entitled—

"An act to revise the laws providing for the incorporation of railroad companies, and to regulate the running and management, and to fix the duties and liabilities, of all railroad and other corporations owning or operating any railroad in this State,"—

Approved May 1, 1873, as amended, and also pursuant to an act entitled—

'An act requiring compensation for causing death by wrongful act, neglect, or default,"—

Approved February 12, 1848, as amended. Sections 7 and 8 of article 5 of the railroad act, above referred to, are sections 3391 and 3392, How. Stat., and the act of 1848, as amended, is found in How. Stat. §§ 8313 and 8314.

After the counsel for plaintiff had opened the case to the jury, and before any witnesses were sworn in the case, the court asked counsel for plaintiff, in substance, upon what section of the statute this suit was based; and also whether deceased was a married man, or had any person dependent upon him for support; whether he had any family; who were the relations of the deceased. Counsel replied, in substance, that the suit was based on sections 3391 and 3392, How. Stat.; that the deceased was an unmarried man, about 22 years of age, and had no one dependent upon him; and that whatever damages were

recovered would go to the administrator, to be distributed under the statute of distribution of this State; and that his father would be the proper distributee.    The court then, in like manner, asked:

"What do you, then, claim to be the measure of damages?"

Counsel replied:

"Just what the statute says, viz., whatever the jury may deem just and fair."

The court then called counsel's attention to the case of *Chicago & N. W. Ry. Co. v. Bayfield*, 37 Mich. 205, and stated:

"This case seems to make a limitation upon that statute; and I call your attention to it because the question has been up before, and it seems to me to be a question of what the distributees might reasonably have expected to recover or receive during the life-time of deceased. What I seek to bring out is the question which will undoubtedly arise in this case, as to what the rule will be upon which the jury will assess damages, and its limits. From the statement that they are to render such damages as they shall deem fair and just, I think there should be some limitation to that.    If there were no persons who had any reasonable expectation of receiving any benefit during his life, I don't know why it wouldn't go to the whole cause of action."

The counsel for plaintiff, Mr. Patterson, then stated that the case cited was under the general law (referring to sections 8313 and 8314, How. Stat:), and that the present action was under the railroad law, which was broader.    The court stated that he brought the subject up at that time so that it need not be a surprise to any one.

The proof showed that the deceased was a young man, unmarried, and about twenty-two years of age at the time of his death.    No evidence was given that he left any next of kin surviving him; but it appears in the record that a

brother of his was sworn as a witness, and the statement was made by counsel, as above shown, in answer to the query of the court,—

" That he had no one dependent upon him, and that whatever damages were recovered would go to the administrator, to be distributed under the statute of distribution of this State; and that his father would be the proper distributee."

For the purposes of this case, therefore, we shall assume that it appeared that he had a father and a brother, but that no one was dependent upon him for support. It was also shown that the bill of the physician who attended him was $1, and his funeral expenses amounted to about $60; but it was not shown that any of his next of kin paid these charges, or were liable to pay them, or that decedent's estate was not ample to meet them. It was also shown that he was a healthy man, of good habits, and earning at the time $50 per month. After the proofs were closed, and the court had intimated his purpose to take the case from the jury on the ground that no damages were shown, the court asked counsel for plaintiff if he cared to make further proofs on that subject, and counsel replied that he did not think it was required under the statute; that it was a matter for the jury.

Sections 3391 and 3392, How. Stat. pp. 869, 870, are as follows:

" Section 3391. (§ 7). Whenever the death of a person shall be caused by wrongful act, neglect, or default of any railroad company, or its agents, and the act, neglect, or default is such as would (if death had not ensued) entitle the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the railroad corporation which would have been liable if death had not ensued shall be liable to an action on the case for damages, notwithstanding the death of the person so injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"SECTION 3392. (§ 8). Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in any such action shall be distributed to the persons and in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such amount of damages as they shall deem fair and just to the persons who may be entitled to such damages when recovered: *Provided,* nothing herein contained shall affect any suit or proceedings heretofore commenced and now pending in any of the courts of this State."

These sections are found in the general railroad law as revised in 1873. Previous to this revision the statute provided (Comp. Laws 1871, § 2351) that the damages should be assessed with reference—

"To the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person."

It was held in this Court, under the statute as it then existed, that the measure of such pecuniary injury would be the loss by the death of what the family was accustomed to receive, or had reasonable expectations of receiving, in his life-time. *Chicago & N. W. Ry. Co. v. Bayfield,* 37 Mich. 214, 215.

In this case it was not shown that the deceased had ever contributed any of his earnings to any of his next of kin, or that it was expected that he would do so in the future, had he lived. It is therefore argued, in support of the ruling of the circuit judge, that the young man was an unmarried adult, who owed no obligation to any one; that there was absolutely no proof whatever that there was such a person as a father or mother dependent upon him, or who had lost anything by his death, or any person who was legally entitled to a particle of support from him, or who had ever received one dollar from him; and the court could do nothing less than to take such a blind guess from the jury; that if a person has no

next of kin no recovery can be had for his death, nor if there rests upon him no moral or legal obligation to contribute to the support of next of kin, if any are left surviving him; that the jury have no right, in "fairness and justice," under this statute, to give men blood-money or punitive damages, but the damages found must be compensatory, and susceptible of proof. In support of this claim the counsel for defendant cite the following Michigan cases: ·*Hyatt v. Adams,* 16 Mich. 180; *Chicago & N. W. Ry. Co. v. Bayfield,* 37 Id. 205; *Staal v. Railroad Co.,* 57 Id. 239, 245 (23 N. W. Rep. 795); *Mynning v. Railroad Co.,* 59 Id. 257 (26 N. W. Rep. 514); *Klanowski v. Railway Co.,* 57 Id. 525 (24 N. W. Rep. 801); *Cooper v. Railway Co.,* 66 Id. 261 (33 N. W. Rep. 306); *Balch v. Railroad Co.,* 67 Id. 394 (34 N. W. Rep. 884); *Rajnowski v. Railroad Co.,* 74 Id. 20 (41 N. W. Rep. 847). Reference is also made to authorities from other states, and to text-books.

The plaintiff's counsel contend, first, · that the deceased would have been required under the statutes of this State to maintain his father, had such father been unable to take care of himself, and that there can be no doubt of his moral obligation to do so, independently of any statute. But they further argue that, by the revision of 1873, the Legislature intended to, and did, alter the rule prevailing under "Lord Campbell's Act," so called (9 & 10 Vict. c. 93), of which the statutes of this State (Comp. Laws 1871, § 2351) and of other states were a substantial copy; and, by such revision of 1873, not only took away the limit of $5,000 under the old law, but meant to authorize the jury to give such amount of damages as they might deem fair and just, under the circumstances; and that it should not depend on the moral or legal obligation of the deceased to support or contribute to the support of any one. That, as amended by the amendment

of 1873, the statute does not give these damages for the exclusive benefit of the widow or next of kin, but provides that—

"The amount recovered in every such action shall be distributed to the persons and in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate." Laws 1873, p. 127.

That it may with reason be contended that the money received would be assets in the hands of the administrator for the payment of debts, and for distribution under the statute of distribution. Counsel in their supplemental brief review the authorities cited from this Court in defendant's brief, and claim the Bayfield case was brought under the old railroad law, as was also *Staal v. Railroad Co.*, 57 Mich. 239, or else under the general law (sections 8313 and 8314, How. Stat.), or that the Supreme Court assumed such to be the case, and decided them upon that basis; and that the other cases, as far as they touch the question here, were also decided under the principles governing the general statute above cited. .

Sections 8313 and 8314 of the general law are as follows:

"Sec. 8313. Whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect, or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who, or the corporation which, would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"Sec. 8314. Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be distributed to the persons and in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate; and in

every such action the jury may give such damages as they shall deem fair and just *with reference to the pecuniary injury* resulting from such death to those persons who may be entitled to such damages when recovered."

The italicized words in section 8314 show in what respect it differs from section 3392. The latter section authorizes the jury to give such damages as they shall deem "fair and just," without any express qualification as to "pecuniary injury," while the former. declares that the same shall be given with reference to such "pecuniary injury." Sections 8313 and 8314, How. Stat., constitute the act of February 12, 1848, as amended by Act No. 94, Laws of 1873. As originally passed, and until 1873, the act confined the damages to the exclusive benefit of the widow and next of kin. See Comp. Laws 1871, p. 1882, § 6725. The amendment in 1873, which is now section 8314, How. Stat., and which enlarges the right to sue, allowing any person who would be a distributee under our statutes of distribution, and pecuniarily injured by the death, to maintain an action for damages through the personal representatives, was enacted at the same session as the amendment to the general railroad law, which is now section 3392, How. Stat.

The query naturally arises, under the position taken by plaintiff's counsel, and in view of these statutes, did the Legislature intend to make one rule in case of deaths occasioned by the wrongful act, neglect, or default of a railroad company, and another rule in reference to deaths caused by the wrongful act, neglect, or default of persons or corporations other than railroad companies? If the contention of the plaintiff be correct, in case of a death resulting from the neglect or wrongful act of a railroad company, the personal representatives of the deceased can sue and recover from such company whatever damages a jury may deem just and fair, without reference to the

question whether any person has been shown to have suffered any pecuniary injury by such death, while, in the case of such death being caused by some person or corporation other than a railroad company, the personal representatives can only recover damages in case pecuniary injury is shown to some one, and in reference to such injury. This would certainly be class legislation, and we are not prepared to hold that such was the intention of the Legislature. Taking all the statutes together, and the fact that sections 3392 and 8314 were both amended and enacted, as they now read, at the same session of the Legislature, in 1873, we think it must be considered that the fair and just damages in all cases must have reference to the pecuniary injury resulting from the death which is made the basis of the action. We have always held in these actions—although it may be, as claimed by plaintiff's counsel, that the difference between the two sections 3392 and 8314 has never been specially called to our attention before—that the damages must—

"Be based upon some well-defined facts or known circumstances in the case,—such facts as are susceptible of some proof under the well-settled rules governing the admissibility of testimony." *Mynning v. Railroad Co., infra.*

And that the damages must be given in reference to pecuniary injury; and that any injuries that are not susceptible of being compensated by a money consideration must be excluded as elements to be taken into consideration by the jury in determining the amount of damages in this class of cases. *Mynning v. Railroad Co.,* 59 Mich. 262; *Chicago & N. W. Ry. Co. v. Bayfield,* 37 Id. 205; *Cooper v. Railway Co.,* 66 Id. 261; *Balch v. Railroad Co.,* 67 Id. 394; *Rajnowski v. Railway Co.,* 74 Id. 20.

In this case the proofs showed no person pecuniarily injured by the death of plaintiff's intestate. No action

lies in this case out of the mere relation of father and child. The father was in no way injured by the loss of his son's earnings, or deprived of any reliance for his own support. *Clinton v. Laning*, 61 Mich. 359 (28 N. W. Rep. 125). The circuit judge was correct in taking the case from the jury for the reason assigned by him.

It is not necessary to consider the other points raised in the case as to the negligence of defendant, or the contributory negligence of the deceased, or in relation to the admission or rejection of testimony. The plaintiff's counsel was given full opportunity to show proper damages, if any were susceptible of proof. Failing in this, he could not recover under any circumstances, and all other questions become immaterial.

The point is suggested by plaintiff's counsel for the first time in this Court that the cause of action which the plaintiff's intestate, William H. Van Brunt, had for his personal injuries while living survives to his personal representatives, under section 7397, How. Stat., as amended by Act No. 113, Laws of 1885.[1]

It is sufficient answer to this suggestion that plaintiff expressly in his pleadings, planted his suit upon sections, 3391, 3392, 8313, and 8314, How. Stat., and also expressly stated in the court below that he relied for recovery upon sections 3391 and 3392. He must stand upon his pleadings and assertions in the court below.

The judgment is affirmed, with costs.

SHERWOOD, C. J., CHAMPLIN and CAMPBELL, JJ., concurred. LONG, J., did not sit.

---

[1] Act No. 113, Laws of 1885, provides that actions for "negligent injuries to the person" shall survive.