PERRY *v.* THE GEORGIA RAILROAD AND BANKING CO..

On April 10, 1886, a parent's only right of action for the homicide of a minor child was for the loss of services; and a declaration for "the financial value of the life of" the child, "from the time he was killed until the time he reached his majority, and for punitive damages," and containing no averment that the plaintiff (the child's mother) is a widow, or that the child was a member of her family, or as to her right to recover for loss of services, instead of. the father, set forth no cause of action.

April 14, 1890.

Parent and child. Actions. Railroads. Pleadings.. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1889.

Reported in the decision.

GEORGE S. THOMAS, for plaintiff.

J. B. CUMMING, HILLYER & BROTHER and BRYAN CUM-MING, for defendant.

SIMMONS, Justice.

Sallie Perry brought her action against the railroad company, in which she alleged that on April 10th, 1886, her minor son, aged sixteen years and seven months,

was walking along the track and road-bed of the defendant, and by the carelessness and recklessness of the defendant's servants, was run over by its train and killed without fault on his part.  The declaration then sets out in what the negligence of the defendant consisted, and then alleges the following: "Petitioner sues for the financial value of the life of her said minor son, from the time he was killed until the time he reached his majority, and for punitive damages."  To this declaration the defendant demurred, and moved to dismiss it upon the ground that the same set forth no cause of action; and particularly in this, that said declaration purported to be an action for damages by a widow by reason of the killing of her minor son by the negligent running of the cars of the defendant, but failed to allege anywhere that the damage sustained by the plaintiff was by reason of the loss of the services of her said minor son, or to state the value of such services. The court sustained the demurrer and dismissed the case, and the plaintiff excepted.

There was no error in sustaining the demurrer and dismissing the action. As the law stood when this homicide occurred, the parent's only right of action for the killing of a minor child was for the loss of the service of such child; and where this allegation is lacking in the declaration in an action of this kind, no cause of action is set out.  Nowhere in this declaration is such an allegation made.  We do not agree with counsel for the plaintiff in error that it is embraced in the terms, "the financial value of the life of her said minor son from the time he was killed until the time he reached his majority."  The financial value of his life was quite a different thing from an allegation of the loss of his service.  Moreover, the declaration contains no averment that the plaintiff is a widow, or that the father of the minor is dead, or that the minor was a

member of her family, nor any allegation averring her right to sue and recover for the loss of the service of the minor, instead of the father. Upon this subject see the case of *Smith* v. *E. & W. R. R. Co. of Ala.*, 84 *Ga.* 183, and cases there cited.      *Judgment affirmed.*