LEWIS HURST, ADMINISTRATOR, ETC., v. THE DETROIT CITY RAILWAY.

*Death by wrongful act—Pleading—Damages—Pecuniary injury.*

1. How. Stat. § 8314, which permits the personal representatives of a deceased person whose death was caused by the wrongful act, neglect, or default of another to bring an action for the damages thereby sustained, clearly contemplates that *pecuniary* injury must result from such act, neglect, or default, which must be alleged in the declaration and shown by the evidence.

2. In a suit by the administrator of the estate of a deceased infant whose parents are entitled to the damages recoverable under How. Stat. § 8314, for his negligent killing, the measure of such damages, if any are recoverable in such cases, is limited to his prospective earnings until of full age, which damages are special in their character, and must be specially pleaded, and established by the evidence.

3. The right of action given by How. Stat. § 8314, to the personal representatives of a deceased person for the pecuniary injury resulting from his negligent killing, and that which survives under Act No. 113, Laws of 1885 (3 How. Stat. § 7397), for negligent injuries to the person, are separate and distinct causes of action, and the latter cannot be introduced into a cause based upon the right given under the first statute cited, by way of amendment to the declaration.

Error to Wayne. (Brevoort, J.) Argued January 22, 1891. Decided February 6, 1891.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*D. A. Straker (John Miner, of counsel), for appellant, contended:*

1. The record in this case raises no question of pleading; citing *Rowland v. Superintendents of the Poor*, 49 Mich. 555; *Sutton v. Van Akin*, 51 Id. 465.

2. It is at least *prima facie* evidence of gross negligence in a street-car driver to keep his face turned from in front of the horses while driving at a rapid rate of speed through a populous neighborhood, in which many children reside; citing *Stone v. Railroad Co.*, 115 N. Y. 104; *Hartfield v. Roper*, 21 Wend. 618; *Bouwmeester v. Railroad Co.*, 63 Mich. 557; and where there is any evidence of negligence, the question becomes one for the jury; citing *Railroad Co. v. Van Steinburg*, 17 Mich. 99; *Sheldon v. Railroad Co.*, 59 Id. 172.

3. To hold that, in the absence of evidence of specific pecuniary injury to the next of kin, no recovery can be had, is to declare that by the law of Michigan an action will be entertained, but no recovery allowed, for the death, caused by negligence to a degree amounting in law to a felony, of the infant child of poor parents. How. Stat. §§ 8313, 8314, which give the right of action, do not so read, and the law has not been so declared; citing *Ihl v. Railroad Co.*, 47 N. Y. 320; *Oldfield v. Railroad Co.*, 14 Id. 310; *O'Mara v. Railroad Co.*, 38 Id. 450.

*Brennan & Donnelly* and *Sidney T. Miller*, for defendant, contended for the doctrine stated in the opinion.

LONG, J. This cause was tried before a jury in the Wayne circuit court, where the defendant had verdict in its favor under direction of the court. Judgment being entered upon the verdict, plaintiff brings the case to this Court by writ of error.

The declaration alleges, substantially, that the defendant is a corporation organized and existing under the

laws of this State; that on the ———— day of August, 1889, it was engaged in the carrying of passengers, for hire, in cars drawn by horses, through and along Brush street, in the city of Detroit; that Brush street was and is densely populated, whereby it became the duty of the defendant, by its servants and employés, to use due care and precaution in managing and driving said cars and horses attached thereto, and in such manner as not to endanger the safety of persons crossing Brush street, within the space mentioned in the declaration; but that the defendant, disregarding its duty in that behalf, on the ———— day of August, 1889, a certain car, to wit, car No. 100, then and there in the charge and custody of the servants and employés of said defendant, and then and there engaged in the service and business of said defendant, did so recklessly, negligently, and unlawfully operate, while passing the space aforesaid on Brush street, that plaintiff's intestate, the said Lorenzo Hurst, who was then and there an infant of the age of 1 year and 11 months, and who was then and there in the exercise of such due and reasonable care as was compatible with his age, in the act of crossing said roadway of said Brush street, by the said car and horses attached thereto was knocked down, trampled upon, and by the wheels and other portions of said car crushed and mortally injured, from which said injuries, as aforesaid negligently, recklessly, and unlawfully by the said servants and employés of said defendant inflicted upon said Lorenzo Hurst, he, the said Lorenzo Hurst, did die; by reason of which negligence of said defendant and injury to and death of said Lorenzo Hurst an action hath accrued to the said plaintiff as the representative of the next of kin of said Lorenzo Hurst, and in which he claims damages from the said defendant in the sum of $10,000.

After the trial of the cause had commenced, the plaint-

iff asked leave of, and was permitted by, the court to amend his declaration by inserting the following:

"From which said injuries, as aforesaid negligently, recklessly, and unlawfully by the said servants and employés of the said defendant inflicted upon the said Lorenzo Hurst, he, the said Lorenzo Hurst, did languish in great pain and agony and suffering for the space of two hours thereafter, and, so languishing, did live, until afterwards, to wit, on the day and year aforesaid, he, the said Lorenzo Hurst, by reason of the said injuries so as aforesaid by the negligence of the said defendant received, did die."

Counsel for the plaintiff, in asking leave to file the amendment to the declaration, stated that the only cause of action sued for was the negligent killing of intestate, and he did not intend by the proposed amendment to change the cause of action from the one set up in the declaration, and in opening the case to the jury stated that he sought to recover in the suit under How. Stat. § 8314.

The plaintiff gave evidence on the trial tending to show that—

"About mid-day of the 21st of August, 1889, plaintiff's intestate, a male child of 23 months of age, and just beginning to walk, was engaged with 15 or 20 other children in some childish amusement upon Brush street, in Detroit. The neighborhood is a populous one, in which many children reside. The width of the street between curbs at this point is 28 feet. Through the center of this space runs the track of the defendant corporation, upon which it operates a line of cars, drawn by horses, for the carriage of passengers for hire.   One of the cars of defendant came along at a rapid speed.   The car thus progressed a distance of 125 feet before reaching the intestate, while the driver kept his face turned aside from in front of the car.   Plaintiff's intestate was knocked down and driven over while he was in the act of crossing the track.   Both the front and rear wheels passed over his body, crushing and wounding him so that he died in less than an hour afterwards.   The driver did

not attempt to check the speed of the car until after the injury had occurred. The father and mother of the intestate are both living. The father is 54 years of age; an invalid, poor, and unable to render any assistance in supporting the family. The mother worked at washing and ironing, at which she supported herself and family, including the husband (plaintiff in error). The family consisted of the parents and 7 children, the oldest of whom was 16 years, and the youngest 23 months (the intestate). The mother, on the day in question, had gone from home at half past 6 o'clock in the morning, to work, leaving the infant intestate under the care of a child 10 years of age. The father (the plaintiff) at this time had been away from home, and at the Soldiers' Home, Grand Rapids, for about 10 days. No evidence of specific pecuniary damages was given."

No testimony was offered on the part of the defendant, and the parties rested their case. Defendant's counsel thereupon requested the court to charge the jury that, under the pleadings and proofs, the plaintiff could not recover. After the argument upon such request to charge, the plaintiff asked to be permitted to amend his declaration so as to include a claim for damages under the provisions of Act No. 113, Laws of 1885. The court refused to allow this amendment, and directed verdict for defendant.

Two questions only are raised:

1. That the court erred in refusing to allow the amendment.

2. That the court erred in directing the verdict, as requested by defendant's counsel.

The court very properly refused the plaintiff's amendment to his declaration. The act referred to, which is an amendment to How. Stat. § 7397, provides that—

"In addition to the actions which survive by the common law, the following shall also survive, that is to say: Actions of replevin and trover; actions of assault and battery, false imprisonment, for goods taken and carried

away, *for negligent injuries to the person,* and actions for damage done to real or personal estate."

By the amendment the plaintiff sought to introduce into the cause a right of recovery for the injuries inflicted upon plaintiff's intestate, and for the recovery of which the plaintiff's intestate might have had an action if living, and which action, it was claimed, survived to the plaintiff by virtue of this statute. This amendment would have introduced into the case a new and different cause of action than that stated in the declaration. Under the declaration as framed, if any damages were recoverable at all, it was only such damages as resulted from the loss of service by reason of the death of the child; while the claim of recovery under the proposed amendment was for the injuries inflicted and suffered up to the time of its death,—that is, such damages as the child might have recovered for the injuries if living, and which it was claimed survived, by this statute, to the father and mother. Satisfaction of the claim made by the declaration would be no bar to the other if such an action could be maintained. The claim made is one given by statute, and which did not exist at the common law; the proposed amendment is for the recovery for injuries, and the right to which is given by the common law, and which died with the party, unless made to survive by this statute of 1885; thus showing two separate and distinct causes of action. The proof of one would not sustain the other, and the right to damages, and the measure thereof, depended upon a different class and kind of proof,—one measured by the pecuniary value of the service of the child, less the cost of maintenance; and the other, the actual damage sustained by the child by reason of the injury, such as the inability to perform his usual labor, physical pain and suffering, depending upon the degree of the injury and pain and suffering endured.

The court was not in error in directing the verdict in favor of the defendant. The action was brought under How. Stat. § 8314, which provides that—

"Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be distributed to the persons and in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem fair and just, with reference to the pecuniary injury resulting from such death to those persons who may be entitled to such damages when recovered."

No proof was made by the plaintiff of any pecuniary loss, and there is no such allegation in the declaration. It is argued, however, by the counsel that this statute declares the liability of the person or corporation whose negligence caused the death, and that, therefore, no evidence of pecuniary damages was requisite to entitle the next of kin to maintain the action and to recover such damages; that the statute itself refers it to the jury, to give such damages as they shall deem fair and just.

The action is by the administrator of the intestate's estate, and, if any recovery is had, it is, under the statute, for the benefit of the parents, the father and mother, who are both living. It is for the pecuniary loss sustained by them; and the measure of such damages, if any are recoverable in such cases, is limited to the prospective earnings of the child until his arrival at the age of 21 years, taken in connection with his prospect of life, less the expenses of his care and support. *Rajnowski v. Railroad Co.,* 74 Mich. 20; 2 Thomp. Neg. 1292. There would also be a limit upon this, dependent upon the probable duration of the lives of the parents, as no estimate of such prospective earnings could extend beyond

the expectancy of the lives of the parents and the survivor of them.    *Clinton v. Laning*, 61 Mich. 361.    It is well stated by counsel for the defendant that it has the same element and the same measure of damage which the parent sustains and can recover in case of permanent injury resulting in partial or total disability of the child to render services to the parent; that it is also equivalent to the element of actual damages recoverable by an injured party who is disabled, and thus rendered unable to perform his usual work, or apply himself to his trade, and thereby he loses his prospective earnings; and that this may be termed the pecuniary damage or loss sustained by the injured party.    The question is therefore presented whether damages of this character are special in their nature, and not such as necessarily flow from the injury, or, as in this case, necessarily follow from the fact that death results from the injury.

It is contended on the part of the plaintiff that the statute does not contemplate that such damages are special, but refers every such action to the jury, to estimate and give such damages as they shall deem fair and just.    The statute provides that when a person is killed by negligence, and pecuniary injury results, the right of action for such injury survives to the personal representatives.    It clearly contemplates that pecuniary injury must result from the negligent act; and therefore, to entitle a party to recover in such action, the negligence must not only be established, but also some pecuniary injury or loss must be shown by evidence.    Such damages for the loss of prospective earnings are special in their character, and must be specially pleaded, and a recovery can only be had based upon evidence establishing the fact.    *Pennsylvania Co. v. Lilly*, 73 Ind. 254; *Gilligan v. Railroad Co.*, 1 E. D. Smith, 453, 459; *Baldwin v. Railroad*

*Corp.*, 4 Gray, 333; *Tomlinson v. Derby*, 43 Conn. 562; *Taylor v. Monroe*, Id. 42; *Dunn v. Railway Co.*, 21 Mo. App. 205; *Matthews v. Railway Co.*, 26 Id. 84; *Perry v. Banking Co.*, 85 Ga. 193 (11 S. E. Rep. 605); *Railroad Co. v. Orr* (Ala.), 8 South. Rep. 363. There is no allegation of special damages in the declaration, and it does not count upon the pecuniary loss of the prospective earnings of the intestate; the theory of the plaintiff being that no such allegation was necessary, and no proofs required, but that the action was brought for the negligent killing, and nothing else. It is necessary to a recovery in such cases that the pecuniary loss be alleged in the declaration, and that some proof be introduced to establish the facts so alleged.

It was said by Mr. Justice CHAMPLIN in *Cooper v. Railway Co.*, 66 Mich. at page 271:

"The statute authorizes the jury, in every case of this kind, to give such amount of damages as they shall deem fair and just to the persons who may be entitled to the same when recovered. Under this statute the jury are not warranted in giving damages not founded upon the testimony, or beyond the measure of compensation for the injury inflicted."

Attention is directed to the reasons given in that case why such testimony is necessary in support of such claim of damages. In *Rajnowski v. Railroad Co.*, 74 Mich. 27, this class of testimony was offered, and rejected by the trial court, and we there held this testimony admissible. In *Van Brunt v. Railroad Co.*, 78 Mich. 530, the action was brought under sections 3391 and 3392, How. Stat., which provide that in an action by an administrator against a railroad company for the alleged negligent killing of his intestate the jury shall give such damages as are fair and just, which shall be distributed to the persons entitled thereto under the statute of distributions. It was held that the administrator must show that some

person has suffered some pecuniary injury by the death.

But it is contended by the learned counsel for the plaintiff that the plaintiff was entitled to recover at least nominal damages. As before stated, however, the statute does not imply that damages and pecuniary loss necessarily flow from the negligent killing. It is a matter to be made to appear by proper allegation in the declaration, and proof of the fact. Nominal damages cannot be recovered, unless supported by evidence. *Franklin v. Railway Co.*, 3 Hurl. & N. 213; *Duckworth v. Johnson*, 4 Id. 653.

Counsel for defendant contend that the administrator must show that the injurious act of which he complains was caused by the negligence of the defendant, and that he is not relieved from the charge of contributory negligence on the part of the deceased, or on the part of those having the care of the deceased; that it is a case where the parents seek to benefit themselves; and, if their negligence in any way contributed to the accident from which they seek a benefit, they should be barred from any recovery. 1 Shear. & R. Neg. § 71, and cases there cited; *Glassey v. Railway Co.*, 57 Penn. St. 172; *Railway Co. v. Snyder*, 24 Ohio St. 670; *Wright v. Railroad Co.*, 4 Allen, 289; *Weil v. Railroad Co.*, 5 N. Y. Supp. 833, —are all cited in support of this proposition. I should be of this opinion if the question were one necessary to the disposition of the case, but, from the view we take, the court was justified in directing a verdict upon the other branch of the case. No special damages were alleged or proved, and for this reason the court very properly directed the verdict in favor of the defendant.

The judgment must be affirmed, with costs.

The other Justices concurred.