FOURNIER v. DETROIT UNITED RAILWAY.

PERSONAL INJURIES—SURVIVAL ACT—PLEADING—EXECUTORS AND
ADMINISTRATORS.

> After the death of the plaintiff, in an action for personal in-
> juries, and after a revival in the name of the administrator,
> an amendment cannot be made to the declaration so as to
> authorize proof of damages to persons pecuniarily injured by
> such death. Act No. 89, Pub. Acts 1905.

Error to Wayne; Hosmer, J. Submitted February 23,
1909. (Docket No. 18.) Decided July 15, 1909.

Case by George Fournier, administrator of the estate
of Mary Fournier, deceased, against the Detroit United
Railway for negligent injuries to plaintiff's intestate. A
judgment for plaintiff is reviewed by defendant on writ
of error. Reversed.

*Corliss, Leete & Joslyn* (*Paul B. Moody*, of counsel)
for appellant.

*Dohany & Dohany*, for appellee.

BLAIR, C. J. On December 24, 1906, Mrs. Mary Four-
nier commenced suit against defendant by declaration to
recover damages for injuries, pain, suffering, etc., al-
leged to have been received on October 27, 1906, through
the negligence of defendant's conductor in causing a
certain electric car to be suddenly started while she was
attempting to board the same. A plea of the general
issue was duly filed, and afterwards, on February 6,
1907, Mrs. Fournier died, leaving a husband, George
Fournier, and several children. On March 28, 1907,
George Fournier was appointed administrator of his
wife's estate, and on April 3, 1907, an order was entered
reviving the cause in the name of George Fournier as
administrator. On February 21, 1908, a jury was im-
paneled and sworn in the case, and plaintiff's counsel

opened the case to the jury. On February 24th counsel for plaintiff asked leave to file an amended declaration, which the court permitted, saying:

"*The Court:* I doubt myself, as I said the other day—I will let counsel put his statement on the record; but in a case like this, where it survives, and the declaration was filed, I think that is all that is necessary; but if counsel wants to put an amended declaration in, in view of alleged things which happened subsequent to the beginning of the suit, I think I will let him do it. I do not understand it changes the allegations of negligence. It only changes the matter with reference to the damages.

"*Mr. Dohany:* Yes, that is all, your honor.

"*Mr. Moody:* It, in our judgment, entirely changes the cause of action. Will your honor give me the benefit of an exception?

"*The Court:* You may have the benefit of an exception."

The amended declaration, after setting up the plaintiff's representative capacity and other formal matters and allegations of duties and negligence substantially in the language of the original declaration, averred Mrs. Fournier's death as a result of her injuries, and that in consequence of said injuries she suffered great pain continually. The declaration further averred that plaintiff, as husband, and several children, naming them, were entitled to intestate's personal estate under the statutes of distribution, and were entitled to bring an action for the pecuniary injuries suffered by them in consequence of her decease. In submitting the case to the jury, the court instructed them that, if Mrs. Fournier's death was due to the fall from the car, plaintiff would be entitled to recover for pecuniary injuries consequent thereon. The court thereupon further instructed the jury, as follows:

"Under the other circumstances, if you find that to be true, then, gentlemen of the jury, as survivor of his wife, the plaintiff would be entitled to recover in this case at your hands such damages as you find would compensate her for the suffering that she endured by reason of the fall on the 27th day of October up to the time of her

death. I cannot lay down any rules, gentlemen of the jury, for guiding you in reaching that. That, gentlemen of the jury, is a matter for your common sense, and you must reach it in that way, and so, gentlemen, for all the sufferings that she endured (I do not mean to say the suffering from the pneumonia itself), if you find that the fall was not the proximate cause of that, but all the suffering and inconvenience and discomfort resulting to her from that fall for as long as you find that that lasted. Now, I have prepared a question here, gentlemen of the jury, to submit to you, because there might not perhaps be the same distribution of those damages in the one case as in the other, and so to aid me, gentlemen, in the determination of this matter, I ask you to answer this question either yes or no, as you will find it from the evidence which has been submitted to you: 'Was the fall from the car Mrs. Fournier received on October 27, 1906, the direct or proximate cause of the pneumonia which resulted in her death?' I wish you to take that, gentlemen of the jury, to your room and answer it, according as your judgment shall dictate, yes or no, by simply writing the word yes or no in answer to that question."

The jury answered the special question in the affirmative and returned a verdict of $1,500 in favor of plaintiff.

Defendant brings the record to this court for review upon writ of error, assigning as error, among other assignments, that the court erred "in permitting the plaintiff to file an entirely new declaration setting up a new and distinct cause of action." We are of the opinion that this assignment is well founded. The court, as evidenced by the above quotations from the charge, regarded the declaration as warranting a recovery for different species of damages to be awarded by the jury as they should determine that the death did or did not result proximately from the injuries. If the jury found that death did not result immediately from the injuries, but from entirely independent causes, we think that Act No. 89, of the Public Acts of 1905, would not apply. The title of that act is:

"An act to prescribe the measure of damages in actions for negligent injuries to persons where deaths result, and where the actions are prosecuted under the survival act," etc.

Section 1 provides that:

"In all actions for negligent injury to persons hereafter prosecuted by the executor or administrator of an injured person, under the statute which declares that said actions shall survive, the measure of damage in each case, shall be such a sum as the court or jury shall deem fair and just with reference to the pecuniary injury resulting from the death of the injured person. * * *"

The reasonable interpretation of this act from its title is that it was designed to establish a measure of damages for negligent injuries resulting in death, where such death was not immediate, and the body of the act is consistent with this view. If the jury found, on the other hand, that the injuries were the proximate cause of death, Act No. 89 would apply and would fix the measure of damages. The declaration as amended, if valid, would warrant a recovery for either class of damages, and the evidence put in would have supported a negative answer by the jury to the special finding. We are therefore of the opinion that the trial judge erred in permitting the amendment. *Hurst* v. *Railway Co.*, 84 Mich. 539 (48 N. W. 44); *Dolson* v. *Railway Co.*, 128 Mich. 444 (87 N. W. 629); *Walker* v. *Traction Co.*, 144 Mich. 685 (108 N. W. 90).

The judgment should be reversed, and a new trial granted.

HOOKER, J. I am of the opinion that a declaration filed as commencement of suit, whereby the plaintiff alleges damages sustained through an injury caused by defendant's negligence, cannot, after death of the plaintiff and revival by and in the name of the administrator, be so amended as to authorize proof of damages under the provisions of Act No. 89, Pub. Acts 1905, for the reason that it is the introduction of a new and different cause of action.

The judgment is reversed, and a new trial ordered.

GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred with HOOKER, J.