ORMSBEE v. GRAND TRUNK WESTERN RAILWAY CO.

DAMAGES—DEATH ACT—"PECUNIARY LOSS"—WHO NOT ENTITLED.
The interruption of donations consisting of fruit, vegetables, eggs and chickens to adult children, three of whom are girls married to husbands in comfortable circumstances, and the other a son earning a good salary, does not constitute "pecuniary loss" within the death act, 2 Comp. Laws, §§ 6308, 6309 (2 Comp. Laws 1915, §§ 8318, 8319), entitling the children to maintain an action for damages for the death of the father. BIRD, J., dissenting.

Error to Genesee; Stevens, J.   Submitted January
2, 1917.   (Docket No. 5.)   Decided September 27,
1917.

Case by William B. Ormsbee, administrator of the
estate of William S. Herrick, deceased, against the
Grand Trunk Western Railway Company for the al-
leged negligent killing of plaintiff's intestate.   Judg-
ment for defendant on a directed verdict.   Plaintiff
brings error.   Affirmed.

*Lee & Parker* (*F. W. De Foe*, of counsel), for ap-
pellant.

*Harrison Geer* (*W. K. Williams*, of counsel), for
appellee.

Plaintiff, as administrator of the estate of William
S. Herrick, sues the defendant railroad company to
recover damages for the alleged wrongful and negli-
gent killing of his intestate.   The action is planted
under the so-called "death act," being sections 6663
and 6664, 3 How. Stat. (2d Ed.), (2 Comp. Laws
1915, §§ 8318, 8319).   At the time of the death of
plaintiff's decedent he was upwards of 69 years of
age; by occupation a ditch digger.   He had lived with
his wife (who met instant death with him) for many
years upon a plot of land less than two acres in ex-
tent.   The net value of his entire estate at the time
of his death was approximately $500.   At that time
he had four children; the eldest 48 years of age, the
second 45, the third 41, and the youngest 36.   The
three elder children were girls, all of whom had been
married for many years to men who were capable of
earning good salaries.   They were all in comfortable
circumstances and were being supported by their sev-
eral husbands.   The son, likewise a married man, was
in receipt of a good salary and had maintained himself

for many years. The record shows that it was the habit of plaintiff's decedent, when he visited the town in which his children lived, to take with him fruit or vegetables which he raised in his garden, and occasionally eggs or chickens, which he gave to two of his married daughters and to his son. The third daughter had no need of such gifts, because of the fact that she herself resided upon a farm. These gifts are said to have amounted in value to approximately the sum of $50 to each of the two daughters and the son each year. Aside from this, it appears to have been customary for plaintiff's decedent to make to his children small presents upon their several birthdays and at Christmas time, which courtesy upon his part was reciprocated on the part of the children in like manner. The record affirmatively shows that plaintiff's decedent at no time gave to his children, or any one of them, money. No question arises upon this record as to whether plaintiff's decedent was killed through the negligence of the defendant company, or by reason of his own contributory negligence. At the conclusion of the introduction of the evidence on behalf of the plaintiff a motion was made by defendant for a directed verdict, which was granted by the court for the following reasons:

"I do not believe these people have a right of action against this railroad company for the reason that I have stated: They were not dependent upon their father for support; their father was under no legal obligations to support them or contribute to their support. What the proof shows he did was purely voluntary in the matter of presents, and in the matter of stuff out of the garden."

BROOKE, J. (*after stating the facts*). The foregoing ruling made by the court raises the only question involved in this case. On behalf of the plaintiff it is contended that the statute does not limit recovery

to those only who have a legal claim to support or to contribution toward support from the decedent. It is urged that the children of decedent, for whose benefit this action is brought, are within the class designated by the statute, and that, such being the case, it is only necessary for the plaintiff to show that the alleged negligent killing of plaintiff's decedent resulted in some pecuniary loss to them, and this notwithstanding the fact that all were long past 21 years of age, themselves prosperous, and in no way dependent upon their father, plaintiff's decedent. As authority within our own State for this position, plaintiff relies particularly upon the case of *Chicago, etc., R. Co.* v. *Bayfield,* 37 Mich. 205, and *Richardson* v. *Railway Co.,* 176 Mich. 413 (142 N. W. 832). In the *Bayfield Case* it was held improper for the jury, in awarding damages, to take into consideration the poverty of the family of the decedent. It is there said:

"What the family would lose by the death would be what it was accustomed to receive, or had reasonable expectation of receiving, in his lifetime; and to show that the family was poor had no tendency towards showing whether this was, or was likely to be, large or small. * * * A dollar lost, whether by poor man or rich man, is neither more nor less than a dollar, and a reasonable expectation of benefit to a certain amount, must, when lost, be compensated to the same extent, whether the loser be rich or poor."

The *Bayfield Case* was prosecuted on behalf of the mother and sister of the decedent, a young man 17 or 18 years of age, who was living at home with them. In the *Richardson Case* plaintiff's decedent was an unmarried woman 37 years of age, who had made contributions of from $15 to $40 per month towards the support of her mother, father, and sister (then 36 years of age) for 20 years before her death. A judgment in favor of the plaintiff in that case was reversed, upon the ground that the award probably

included damages to the sister of the decedent. It is there said:

"For such voluntary contributions as plaintiff's intestate saw fit to make to her sister there can be no cause of action or right of recovery."

Touching the contributions to the father and mother it was said:

"The fact, if it be a fact, that plaintiff's decedent voluntarily assumed the performance of a duty which might be regarded as a legal obligation, and made expenditures to a proper extent, might form a basis for a recovery in this action in so far as the fatner and mother are concerned."

In the case of *Rouse* v. *Railway*, 128 Mich. 149 (87 N. W. 68), the action was prosecuted on behalf of a widow and several minor children, one of whom, a daughter, was married. This court there said:

"The law requires in this class of cases that the administrator must show that some person has suffered some pecuniary injury by the death. The statute does not imply that damages and pecuniary loss necessarily flow from the negligent killing. This is a matter that must be made to appear by the proper allegation in the declaration, and proof of the fact. *Hurst* v. *Railway*, 84 Mich. 545 (48 N. W. 46). See, also, *Nelson* v. *Railway Co.*, 104 Mich. 588 (62 N. W. 993) ; *Walker* v. *Railway Co.*, 104 Mich. 616 (62 N. W. 1032). These damages must be limited to the pecuniary damage sustained by those legally entitled to support. *Van Brunt* v. *Railroad Co.*, 78 Mich. 530 (44 N. W. 321).

"We think counsel for defendant correct in saying that these limitations should have been stated to the jury. Damages should have been limited to the expectation of the life of the widow. As to the children, no damages could be recovered for their support after they each became of age, and none for the maintenance of the married daughter. * * * We do not pass on the question whether damages might be allowed for a dependent child after he becomes of age."

We know of no case in Michigan, with the possible exception of the *Richardson Case, supra,* which casts any doubt upon the rule here announced. It is true, as claimed by counsel for appellant, that in the *Rouse Case, supra,* there was no evidence tending to show contributions made by the decedent to his married daughter, and a distinction is made between that case and the case at bar upon the ground that here there is evidence of donations made by the plaintiff's decedent to his adult children. It is quite clear that the four children of plaintiff's decedent were not legally entitled to support from said decedent, a necessary prerequisite under the holding in the *Rouse Case.* It is equally clear that the occasional, or even habitual, donations by said decedent to one or more of his children of fruit, vegetables, eggs, or chickens, does not constitute such an assumption of a legal obligation as was held in the *Richardson Case* to form a basis for recovery. Those donations should be regarded as simple, commendable expressions of parental good will, and their interruption cannot be regarded as a "pecuniary loss" within the meaning of the statute. Much learning from text-book writers and decisions from other States has been collected in the brief for appellant. Authorities cited require no discussion, as we are of opinion that the case is fully covered by our own decisions.

The judgment is affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, and FELLOWS, JJ., concurred with BROOKE, J.

BIRD, J. (*dissenting*). A right of action under the statute arises when the deceased has left some one dependent on him for support, or some one who had a reasonable expectation of receiving some benefit from him during his lifetime. *Grand Trunk R. Co.* v. *Ives,* 144 U. S. 408 (12 Sup. Ct. 679) ; *Cooper* v. *Railway*

*Co.,* 66 Mich. 261 (33 N. W. 306, 11 Am. St. Rep. 482) ; *Richmond* v. *Railway Co.,* 87 Mich. 374 (49 N. W. 621) ; *Richardson* v. *Railway,* 176 Mich. 413 (142 N. W. 832). In my opinion the adult children of the deceased should be included in the latter class. The fact that the voluntary contributions were of little value furnishes no reason for directing a verdict, if they were of some value. I think the trial court was in error in directing a verdict on this phase of the case.

The judgment should be reversed, with costs to plaintiff.