PECK v. MOLHOEK.

1. COMMON LAW—PREVAILS UNLESS ABROGATED.

The common law prevails in this State, except as abrogated by statute.

2. EVIDENCE—COMMON-LAW RULE REGARDING ADMISSION OF SURVEYOR'S FIELD NOTES ABROGATED.

Although, under common law, field notes made by surveyor would have been admissible in evidence apart from surveyor's testimony, abrogation of common-law rule in this respect by 1 Comp. Laws 1915, §§ 2479, 2482, 2484, 2486, renders such field notes inadmissible, where surveyor who made them is deceased.

3. BOUNDARIES—EVIDENCE.

In ejectment to establish boundary line, admission of deceased surveyor's field notes was prejudicial error.

Error to Kalamazoo; Weimer (George V.), J. Submitted October 9, 1929. (Docket No. 28, Calendar No. 34,451.) Decided January 24, 1930.

Ejectment by William H. Peck against Peter Molhoek and another. From a verdict and judgment for plaintiff, defendant brings error. Reversed, and new trial granted.

*Clair S. Beebe,* for plaintiff.

*Jackson, Fitzgerald & Dalm,* for defendants.

WIEST, C. J. In this action of ejectment the determining factor was the location of a former line fence. The verdict was:

"We, the jury, have reached a verdict in favor of the plaintiff, our decision being based on the Taft survey of Mr. Taft."

In answer to an interrogation by the court, the foreman of the jury stated that the old fence line was at the edge of the cement driveway. The Taft survey was a private one made for a predecessor of plaintiff in title in 1900. Mr. Taft is dead. His rodman, in the survey of 1900, is now a surveyor, and he produced in court the field notes made by Mr. Taft, and, over defendants' objection, such field notes were admitted in evidence. Counsel for plaintiff states, in his brief, that:

"Exhibit A (the Taft field notes) was very persuasive and convincing evidence, having more probative value than the testimony of a considerable number of witnesses."

The admission of the field notes was error, and the prejudicial effect thereof is reflected in the verdict.

A private survey, made under private employment, may qualify the surveyor to give testimony, aided by his notes, but affords his notes no verity apart from his testimony. It is true the common-law rule admitted the evidence, but, we think, as we shall point out, that the common-law rule no longer prevails in this jurisdiction. The common law prevails in this State, except as abrogated by statute.

At an early date the office of county surveyor was created by statute (1 Comp. Laws 1915, § 2479), and the officer was empowered to execute surveys on the application of any person (1 Comp. Laws 1915, § 2482). The statute requires the county surveyor to keep the original field notes in a book, and provides that each book shall

"Contain the certificate of the surveyor who made the surveys, that the field notes therein contained are the complete original field notes of the surveys within referred to and described. These original field notes shall be a part of the record required to be

kept by the county surveyor, and the books containing them shall be deposited and kept with the other surveyor's records of the county." 1 Comp. Laws 1915, § 2484.

The statute also provides:

"All such records of surveys, field notes, and calculations made by any former county surveyor, which have been or shall have been on file in the office of either the county surveyor, register of deeds or county clerk for a period of fifteen years or upward, even though such records or the certification thereof shall not conform to the requirements specified in section one hundred of this act, shall be admissible in evidence of the facts they contain in any court of record in this State." 1 Comp. Laws 1915, § 2486.

This statute abrogated the common-law rule of evidence furnished by field notes of surveys made by county surveyors, whether public or private, and fixed a rule on the subject. Surely it was not intended that the field notes of a private survey, made by the county surveyor, may be employed as evidence only in case the provisions of the statute for the preservation thereof is complied with, but that the field notes of an unofficial surveyor may be received in evidence as at common law. If the legislature had left the subject of evidence furnished by field notes alone, the common-law rule would prevail alike to all field notes, whether made by a private or a county surveyor. When the legislature entered this field of evidence, by statute on the subject, it abrogated the common-law rule as to field notes by a county surveyor in a public or private survey, and, by implication, the field notes of a private surveyor in a private survey. But it may be said that the provisions of the statute relative to the preservation

of the field notes mention only the county surveyor. This is true, but, as a necessary consequence, all other field notes are excluded.

The fault in the description of the disputed strip can be met by an amendment.

When the location of the old fence is established, there will be no occasion to resort to the presumption urged by defendants.

The judgment is reversed, and a new trial granted, with costs to defendants.

BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., took no part in this decision.