## BUGBEE *v.* FOWLE.

1. APPEAL AND ERROR—CASES TRIED WITHOUT JURY—FINDINGS OF FACT—RECORD.

On review of law cases tried without a jury, Supreme Court is not bound by findings of fact made by the trial court but considers the record as a whole (Court Rule No. 64 [1933]).

2. AUTOMOBILES—SPEED—RIGHT OF WAY—NEGLIGENCE.

There is no hard and fast rule that speed or statutory right of way is determinative of negligence of motorists as a matter of law but each driver must use such care as is commensurate with obvious conditions (1 Comp. Laws 1929, §§ 4706, 4711).

3. Same—Warnings—Intention to Pass—Turning.

Mere giving of warning which statute requires of driver of overtaking vehicle to give of his intention to pass and of driver intending to turn *held*, insufficient to hold either driver free from negligence as a matter of law where testimony as to whether such warnings were timely given is in conflict, the question then being for trier of the facts (1 Comp. Laws 1929, §§ 4706, 4711).

4. Appeal and Error—Case Tried Without Jury.

Holding of trial judge in personal injury case tried by court without a jury on issues of negligence and contributory negligence is affirmed where record on appeal is such that had case been tried before jury its verdict on such questions would necessarily have been sustained.

5. Same—Questions of Fact—Evidence.

Supreme Court does not substitute its judgment on questions of fact for that of the trier of the facts unless facts clearly preponderate in the opposite direction.

6. Husband and Wife—Death Act—Survival Act—Loss of Services.

Neither the death act nor the survival act contains language expressly providing for recovery by a surviving spouse for loss of services of the deceased spouse where death has occurred because of wrongful act (3 Comp. Laws 1929, §§ 14040, 14061, 14062).

7. Common Law—Constitutional Law—Statutes.

The common law prevails in this State except as abrogated by Constitution or statute.

8. Same—Definition—Nature.

The common law is but the accumulated expressions of the various judicial tribunals in their efforts to ascertain what is right and just between individuals in respect to private disputes, is flexible and capable of growth and adaptation to varying conditions.

9. Husband and Wife—Loss of Consortium—Wife's Services.

Since passage of the married women's act, neither husband nor wife may recover for loss of consortium but such act does not abridge recovery of husband for loss of wife's services by reason of personal injuries sustained by her (3 Comp. Laws 1929, § 13061).

10. DAMAGES—HUSBAND AND WIFE—DEATH OF WIFE.
   In action by husband to recover damages for injuries to his
      wife in automobile accident and which resulted in her death
      two days later, plaintiff *held*, entitled to recover only for
      the actual damage caused to him by the injury and which ac-
      crued prior to her death.

11. COSTS—AFFIRMANCE OF JUDGMENT IN PART.
   No costs are allowed in action for personal injuries where judg-
      ment is affirmed only in part.

Appeal from Genesee; Parker (James S.), J. Submitted April 24, 1936. (Docket Nos. 124, 125, Calendar Nos. 38,872, 38,873.) Decided November 9, 1936.

Separate actions of case by George M. Bugbee, individually and as administrator of the estate of Clara Bugbee, deceased, against Harold E. Fowle for damages sustained when wife was fatally injured in an automobile accident. Judgments for plaintiff. Defendant appeals. Modified and affirmed.

*Cook & Stipes,* for plaintiff.

*Matthew Davison, Jr.,* and *Carton & Gault,* for defendant.

BUSHNELL, J. These two cases were consolidated and tried as one. The first is by plaintiff individually for damages sustained by reason of expenses connected with his wife's injuries and death and for the loss of her companionship and services. The second is by plaintiff in his capacity as administrator of his wife's estate for her pain and suffering under the survival act, 3 Comp. Laws 1929, § 14040. Defendant appeals from the judgments which were rendered by the trial court sitting without a jury; in the first case for $732.78, made up of $474.64 for expenses

and $258.14 for loss of services, and in the second of $1,200 for her pain and suffering.

The questions involved pertain to the court's holdings on negligence and contributory negligence as well as the computation of damages for the loss of services.

Shortly after 6 p. m. on April 10, 1934, while it was still daylight, John Bugbee was driving his mother and brother in an easterly direction on Atherton road, a paved highway in Genesee county. Defendant Fowle was also traveling in the same direction, but some distance in the rear. About one mile east of the city limits of Flint, the front bumper of the Fowle car struck the left rear fender and wheel of the Bugbee car throwing it about 36 feet to the northeast in a semi-circle with its front end facing west. Mrs. Bugbee was seriously injured and died the second morning following the accident.

The highway at this point is straight and level with a clear view of about a half mile each way. The day was bright and dry. The pavement is 20 feet wide with solid shoulders on either side, that to the south being at least 20 feet in width and that to the north 35 feet. The owner of a grocery store located on the north side of the road observed the entire accident from an upstairs window. He testified that Bugbee turned off the road, making a "sensible turn" as if to come onto the open space in front of the store, and just as the right rear wheel of the Bugbee car was "about at the black line in the center of the road," the Fowle car struck it from the left, it being on the north side of the road.

John Bugbee testified that he had slowed down to about 5 or 6 miles per hour in order to make the turn, observed Fowle in a rear vision mirror 500 or 600 feet away, pulled over towards the center and sig-

nalled with his hand and stoplight and in turning left plenty of room so that the car from the rear might pass. George D. Bugbee, who was sitting on the right of the driver, testified in like manner and added that Fowle made no attempt to slow down or go around; that he was "straddling the line as he came down the road and he didn't vary his course or his speed." George heard neither horn or brakes, nor did he see any skid marks afterwards.

Fowle admitted that "the pavement along there was dry and hard, plenty of light and a straight-away." He said he first observed Bugbee 800 feet ahead and that no other cars were coming in either direction. He might have been talking to his companion but did not remember; that he blew his horn and Bugbee pulled over to the south; when two car lengths away he turned and that at the moment of impact, the front wheels of the turning car were partly off the cement. He said:

"I pulled to the north half of the road to pass. My car was entirely on the north half. * * * I applied my brakes again and turned a very little to the south. When I hit him, he was right in front of my bumper. * * * I didn't see his red tail light. I didn't see his hand up. * * * I took my foot off the accelerator, applied my brakes and there was a mark on the pavement where I skidded probably three feet. * * * I was on the north side when I observed his wheels turn out from under the fenders. The only warning that I had that the Buick car was going to turn left was when I saw the left front wheel turn out from the fender."

There is conflict of testimony on the controlling issues of defendant's negligence and plaintiff's contributory negligence. In reviewing law cases tried without a jury, we are not bound by the findings of

fact made by the trial court but consider the record as a whole. *Burchard* v. *Otis Elevator Co.,* 261 Mich. 142; Court Rule No. 64 (1933).

No hard and fast rule exists that speed or statutory right of way is determinative of negligence as a matter of law. *Pline* v. *Parsons,* 231 Mich. 466, and *Kerr* v. *Hayes,* 250 Mich. 19. Each driver must use such care as is commensurate with obvious conditions. Neither the warning which defendant was required to give of his intention to pass, 1 Comp. Laws, 1929, § 4706, nor that which the driver of the other car was required to give of his intention to turn, 1 Comp. Laws, 1929, § 4711, was sufficient unless timely given. *Lauth* v. *Woodruff,* 265 Mich. 34. Where the testimony is in conflict on these matters, it cannot be said that either party is guilty of negligence as a matter of law for it then becomes a question to be determined by the trier of the facts which in this instance was the court.

As was said in *Jacoby* v. *Schafsnitz,* 270 Mich. 515:

"The record on this appeal is such that if the case had been tried by a jury we would necessarily find testimony sustaining a verdict in favor of plaintiff on both the questions of negligence and contributory negligence. Our review of the testimony satisfies us that it sustains the holding of the trial judge on both these questions."

And—

"We do not substitute our judgment on questions of fact unless they clearly preponderate in the opposite direction. *Leonard* v. *Hey,* 269 Mich. 491 (37 N. C. C. A. 111)." *Paton* v. *Stealy,* 272 Mich. 57.

Appellant questions that portion of the award of damages pertaining to plaintiff's claim for loss of services. The trial judge found Mrs. Bugbee's expectancy of life to be 11.68 years and that she might

be of service to her husband for six years. He fixed the value of this at $50 per year with a present worth of $258.14. Both sides agree that, according to *Hyatt* v. *Adams,* 16 Mich. 180, plaintiff is only entitled to recover for the worth of the services for the two days which elapsed between the injury and the death. Appellee recognizes the distinctions between the survival, 3 Comp. Laws 1929, § 14040, and death act, 3 Comp. Laws 1929, §§ 14061, 14062, and the strong implications of *Verlinde* v. *Railroad Co.,* 165 Mich. 371, and adds:

"We concede that in this case, if entitled to the damages claimed for the loss of the service, that the basis for the allowance of the same must be found outside of the provisions of the death and survival acts themselves.

"It has been many years since the question here raised has definitely been before this court for consideration; perhaps this principle has become so settled in the profession that it should be generally accepted without question, but we very respectfully differ with that conclusion, for although on many occasions the court has reaffirmed the principle that for the loss of the service of his wife, the husband was entitled to recover therefor (See *Collins* v. *Hull,* 256 Mich. 507; *Weil* v. *Longyear,* 263 Mich. 22), the court has not in recent years announced the period during which the damages may be measured, and has very strikingly recently said in the *Weil Case,* 263 Mich. 22, 26, as follows:

" 'Progress, or perhaps mere change, in the law will appear upon comparison of the cases above cited with *Hyatt* v. *Adams,* 16 Mich. 180, especially noting what is said in *Lincoln* v. *Railway Co.,* 179 Mich. 189, 205 (51 L. R. A. [N; S.] 710).' "

Appellant contends that the reasoning of *Hyatt* v. *Adams, supra,* is supported by the weight of authority and that if the wife's death was not immediate, although only a brief period intervened between the injury and her death the estimate of damages stops

at the moment of death, citing 30 C. J. p. 971, and cases there annotated. See, also, 8 R. C. L. p. 720 and 21 R. C. L. p. 398.

Neither the death act nor the survival act contains language expressly providing for recovery by a surviving spouse and we must therefore look to the common law for such authority. As pointed out by Justice CHRISTIANCY in *Hyatt* v. *Adams, supra,* the early common-law cases denied recovery for "damages accruing prior to the death and to those which accrued subsequently and in consequence of it; as it forbade any action for the act or negligence which produced death."

The common law prevails in the State except as abrogated by Constitution or statute. *Stout* v. *Keyes,* 2 Doug. (Mich.) 184 (43 Am. Dec. 465), and *Peck* v. *Molhoek,* 249 Mich. 360. Mr. Justice Brewer said:

"The common law is but the accumulated expressions of the various judicial tribunals in their efforts to ascertain what is right and just between individuals in respect to private disputes," *Kansas* v. *Colorado,* 206 U. S. 46, 97 (27 Sup. Ct. 655),

and but recently Mr. Justice Sutherland said:

"The common law is not immutable, but flexible, and upon its own principles adapts itself to varying conditions." *Dimick* v. *Schiedt,* 293 U. S. 474, 487 (55 Sup. Ct. 296, 95 A. L. R. 1150).

Mr. Justice Stone writing for the minority in this case said, p. 496:

" 'This flexibility and capacity for growth and adaptation is,' as the court declared in *Hurtado* v. *People of California,* 110 U. S. 516, 530 (4 Sup. Ct. 111, 292), 'the peculiar boast and excellence of the common law.' "

See, also, authorities therein cited.

Since the passage of the married women's act, Act No. 196, Pub. Acts 1911 (3 Comp. Laws 1929,

§ 13061), neither husband nor wife may recover for loss of consortium. *Blair* v. *Seitner Dry Goods Co.,* 184 Mich. 304 (L. R. A. 1915 D, 524, Ann. Cas. 1916 C, 882), and *Harker* v. *Bushouse,* 254 Mich. 187, but the act does not abridge the right of the husband to recover for loss to him of his wife's services by reason of personal injuries sustained by her. *Gregory* v. *Oakland Motor Car Co.,* 181 Mich. 101.

Despite the abundance of negligence cases, our search has been productive of but one that seems to be squarely on the point involved, viz., the method of computing the damages suffered by a husband through the loss of his wife's services where her unlawful death was not instantaneous. Mr. Justice Christiancy said in *Hyatt* v. *Adams, supra,* 195 (1867):

"Upon principles of justice and common sense, I think the plaintiff, in a case like the present, should be allowed to recover his actual damages caused by the injury and accruing prior to and not in consequence of the death; and I can discover no substantial objection to such recovery in any recognized principle of the common law applicable here."

Mr. Justice Blair stated in an action for loss of services of a minor:

"The plaintiff could not combine in one count a claim for loss of his son's services with his claim as administrator under the survival act and recover for both in the same action. *Walker* v. *Lansing & Suburban Traction Co.,* 144 Mich. 685, 156 Mich. 514; *Fournier* v. *Railway,* 157 Mich. 589. Neither could the administrator combine in one count a claim under the death act, so called, and a claim under the survival act and recover both classes of damages. *Dolson* v. *Railway Co.,* 128 Mich. 444; *Carbary* v. *Railway,* 157 Mich. 683. Independent of statute, the father could only recover for the loss of services

accruing between the injury and the death. *Hyatt* v. *Adams*, 16 Mich. 180; *Merkle* v. *Township of Bennington*, 58 Mich. 156 (55 Am. Rep. 666). No cause of action survived for loss of services which belonged to the father. *Walker* v. *Lansing & Suburban Traction Co., supra*. And the father could not confer upon the administrator a cause of action for loss of services subsequent to death which he himself did not possess. This objection can be obviated by amendment of the declaration." *Verlinde* v. *Railroad Co., supra*, 375.

Not only are the decisions of Mr. Justice Christiancy entitled to great respect but the rule he enunciated in *Hyatt* v. *Adams, supra,* has been followed in this State for the past 70 years and its principles have been adaptable to the varying conditions of life over that period. Consideration of the argument in support of a re-examination of the question does not demonstrate need for a change. The determination of the trial court in this particular is contrary to the established rule and must be set aside. Having heretofore indicated that in all other respects the several judgments should be affirmed, we adopt the suggestion in appellant's brief and order a remittitur of $258.14 in case No. 38,872, entitled George M. Bugbee v. Harold E. Fowle. If such remittitur is filed in the trial court within 20 days the reduced judgments will be affirmed, otherwise new trials are ordered.

Appellee suggests that if his position is sustained in all respects except as to the allowance of loss of services "it would appear proper that no costs should be allowed either party." And it is so ordered.

North, C. J., and Fead, Wiest, Butzel, Sharpe and Toy, JJ., concurred. Potter, J., took no part in this decision.