BLACK *v.* MICHIGAN CENTRAL RAILROAD CO.

1. RAILROADS—NEGLIGENCE—INJURIES— PERSONS NEAR TRACKS— TRESPASSERS.

A stream stocked with fish by the State ran through a lumber yard which the public were permitted to enter during the fishing season for the purpose of fishing in the stream. A boy of 7, while fishing in the stream at a point 25 feet beyond the end of a spur track, was killed by a car being pushed over the obstructions placed at the end of the spur. ·*Held*, that he was not a trespasser, and that the railroad company was guilty of actionable negligence.

2. DEATH—DAMAGES—DEATH OF CHILD.

In an action for the death of plaintiff's minor son, evidence as to the age, calling, and condition of health of the father, and of the age and condition of health of the mother,

together with evidence that the boy was healthy, intelligent, of an excellent disposition, and obedient to his parents, is sufficient to authorize an award of substantial damages.

3. SAME—DAMAGES—EXCESSIVENESS.

An award of $1,500 to a father for the death of his son, aged 7 years, the boy being shown to be healthy, intelligent, of an excellent disposition, and obedient to his parents, is not•excessive.

Error to Otsego; Sharpe, J.   Submitted October 19, 1906.   (Docket No. 107.)   Decided December 3, 1906.

Case by Walter R. Black, administrator of the estate of Charles Black, deceased, against the Michigan Central Railroad Company for the negligent killing of plaintiff's intestate.   There was judgment for plaintiff, and defendant brings error.   Affirmed.

*Cooley & Hewitt*, for appellant.

*De Vere Hall*, for appellee.

MOORE, J.   Plaintiff's son, aged seven years and one month, was killed by one of the cars of defendant.   The father brought this action to recover damages under the provisions of section 10427, 3 Comp. Laws.   He recovered a judgment in the sum of $1,500.   A motion for a new trial was made, which motion was overruled.   The case is brought here by writ of error.

In giving his reasons for overruling the motion, the judge stated the questions involved so clearly that we quote therefrom:

"The grounds on which the motion is founded may be considered under three heads:

"(1) Errors in charge as to the contributory negligence of the deceased boy.

"(2) Error in charge as to measure of damages.

"(3) Excessive verdict.

"These will be disposed of in the order presented.

"1. The facts as proven show that a switch or siding left defendant's main line near the depot at Wolverine in

Cheboygan county and ran to the northwest through the lumber yard operated by the Cornwall estate; that at the north end the ends of the rails were slightly elevated, and some ties placed thereon; that such end was from 16 to 20 feet from the bank of the river passing through Wolverine; that posts supporting a tramway were between the end of said rails and said river; that the deceased and two little girls were fishing along the river, and, when defendant's train entered said siding to do some switching, an empty car standing thereon was struck with such force as to push it over the end of the switch, when it struck and killed said boy. Was there such danger involved in standing or passing behind the end of the spur or switch as should have been apparent to a boy of seven years of age? I am unable to so conclude as a matter of law. Neither can I assent to defendant's claim that a child of that age must be held chargeable with the same knowledge of danger while in such a position as a man of mature years. The presence of a railroad track may be said to indicate the presence of danger, and when on such a track the danger may be said to be as apparent to a boy of seven years of age as to an adult. But it would, in my judgment, be extending the doctrine of due care to a much greater extent than either law or fairness should dictate, to hold that this boy, while apparently out of danger, was chargeable that a car might be forced over the end of the rails and the ties placed thereon by the negligence of defendant's servants. I am of the opinion that the question of contributory negligence of the deceased was fairly presented to the jury.

"2. It is insisted that no facts were placed before the jury on which they could find that the plaintiff, as administrator, has sustained any damages. No witnesses were called to testify as to what the services of such a lad over and above the cost of his maintenance would be worth. While such evidence is admissible under the rule in *Rajnowski* v. *Railroad Co.*, 74 Mich. 27, is it necessary to put it in to entitle plaintiff to recover? The speculative nature of such evidence is admitted by defendant's counsel. Necessarily the opinions of such witnesses would be in the nature of a guess. So many considerations are involved as might well cause any prudent man to hesitate before expressing an opinion.

"The cases of *Cooper* v. *Railway Co.*, 66 Mich. 261, *Hurst* v. *Railway*, 84 Mich. 539, and *Charlebois* v. *Rail-*

*road Co.*, 91 Mich. 59, are relied on by defendant's counsel as containing an intimation, if not an express holding, that some such proof must be offered. I have examined these cases with much care, and believe that they throw but little light upon the question. That such evidence is admissible seems well established. But, except in cases where it may be shown that the boy's services are likely to be more valuable than those of the ordinary lad, the jury could be but little if in any way assisted thereby. The question is one of judgment, and, if this statute is to be given any reasonable construction, in my opinion, the jury should be left to determine plaintiff's damages after having been furnished proof of the avocation of the parents and their probability of living during the minority of the child. The value of such services is speculative, and the judgment of the individual jurors, when merged into a verdict, is quite as likely to approximate what is right and just as though aided by speculation of witnesses. The plaintiff's failure to offer such proof is not, in my opinion, ground for a new trial.

" 3. Was the verdict excessive ? I am unable to so conclude under the repeated decisions of our Supreme Court. In the *Cooper Case* a judgment for $1,550 was affirmed. The deceased was a girl 11 years of age. While the courts will not disturb a lesser verdict as inadequate, one of $1,500 should not be held to be so excessive as to require its reduction or as a reason for granting a new trial."

Counsel for defendant insist a verdict should have been directed in its favor for two reasons: (1) Defendant was not guilty of actionable negligence; (2) no damages were recoverable because there was a failure of proof as to pecuniary injury. We will discuss these contentions in the order presented.

1. The claim of counsel is stated in their brief as follows:

" It is believed that this case does not differ in any degree from one where the injured person is a trespasser in the yards, or on the premises of the railroad company. Plaintiff's son had no lawful business and no right to be at the end of this track. The duties owing by the defendant toward this boy, who was at most but a bare licensee on the premises of the Cornwall Company, were only to

refrain from willful and malicious injury to him "—citing *Ryan* v. *Towar*, 128 Mich. 463 (55 L. R. A. 310), and other cases.

The record discloses that the stream where these children were fishing was stocked with trout by the State; that during the fishing season all persons who desired to do so were permitted to come into the millyard, along the margin of the stream where the children were, and fish. It also shows that it was about 25 feet from the end of the spur to the margin of the stream; that, at the end of the spur, ties and rails had been thrown up to prevent any car from passing off the end of the rails. The car which hurt the child was pushed, by a train put upon the siding, beyond this obstruction at the end of the rails. It is claimed this train was backed upon the spur much more rapidly than it ought to have been and without being under the control of the trainmen. Instead of the child being where it had no right to be, it was the car that was where it had no right to be, and where no one had any reason to suppose that it would come. We do not think the contention of counsel for defendant can be sustained.

2. We again quote from brief of counsel:

" The declaration in the case at bar alleged that the plaintiff had suffered pecuniary injury, but the record is absolutely barren of evidence to support the allegation. There was no proof, even to the extent of a bare statement of a witness, that pecuniary injury had been sustained. Mr. Black, the boy's father, testified that his son had been killed, and gave the ages of himself, his wife, and son. The trial court held that this was ample to justify the jury in assessing substantial damages, despite the protest of defendant's counsel, who argued that its effect was to leave the jury in the field of speculation, and to make each of the jurymen witnesses for plaintiff as to whether pecuniary injury had been suffered and the amount thereof. Proof could and should have been supplied, not only of the condition in life of the father and mother, their education, and occupation, but also of the cost of educating, clothing, and maintaining such a

boy until he becomes self-supporting; and also the probable amount of his net earnings above expense of maintenance from that time until he becomes of age.   All this proof can be based on experience in similar cases.   That some evidence of this character must be supplied to justify a recovery is settled law in this State,"—citing *Hurst* v. *Railway*, 84 Mich. 539, and other cases.

An examination of the cases cited will show they are authority for the proposition that, in an action for damages because of the death of a minor, it is competent to give testimony of the kind mentioned by counsel.   The precise question, however, now presented, has not been passed upon by this court.   Some phases of the case were discussed in the cases cited by counsel and in the more recent case of *Snyder* v. *Railway Co.*, 131 Mich. 418, in which it was said:

"There was no testimony from which the earning capacity of this boy could be computed to a mathematical certainty.   It was a question about which different persons might and would disagree.   Such testimony as the parties were able to produce was offered on each side. The weight of that testimony, its credibility, and the conclusions to be drawn from it, were for the jury."

Upon the trial, in addition to what is stated in the quotation from counsel's brief, the age, calling, and condition of health of the father was given, and the age and condition of the mother.   It was also shown that the boy was healthy, intelligent, of an excellent disposition, and obedient to his parents.   The question presented here has been before other courts.   In *Parsons* v. *Railway Co.*, 94 Mo. 286, it is said:

"The law presumes the life of a minor child to be of value to his parent, because he is entitled to his services and is responsible for his support during minority. He is necessarily injured by a wrongful act resulting in the death of such minor child, which thereby deprives him of the value of those services and casts upon him the burden of legal liability for that support when deprived of the value of such services, enhanced by the additional expense of providing medicine, medical attention, and

nursing during illness, and for funeral charges when he dies. To compensate him for this loss and this burden, the law allows the parent of such minor substantial damages, and they may be measured by the experience and judgment of the jury, enlightened only by a knowledge of the age, sex, and condition in life of the deceased, and the parent is not restricted to the recovery of merely nominal damages, because the value of the services of the child, or the amount of expenses incurred or paid for his support, and other necessaries during illness, or funeral expenses, be not proven. An intelligent jury, from common experience, may determine approximately, in any given case, what amount would compensate a parent for all pecuniary losses sustained by reason of the death of a minor child."

The case of *City of Chicago* v. *Hesing*, 83 Ill. 204, is instructive upon two of the questions raised in the court below. The action was brought to recover damages for the death of a boy four years old. The court said:

"Only pecuniary damages can be recovered in such actions as this. Nothing can be given as solace or for bereavement suffered. Under instructions declaring the true rule for estimating the damages, the jury found for plaintiff in the sum of $800, but one of the errors assigned is the amount found is excessive. As a matter of law, we cannot so declare, and, as a matter of fact, how can we know the amount is in excess of the pecuniary damages sustained? When proof is made of the age and relationship of the deceased to next of kin, the jury may estimate the pecuniary damages from the facts proven, in connection with their own knowledge and experiences in relation to matters of common observation. It is not indispensable that there should be proof of actual services of pecuniary value rendered to next of kin, nor that any witness should express an opinion as to the value of services that may have been or might be rendered. Where the deceased was a minor, and left a father who would have been entitled to his services had he lived, the law implies a pecuniary loss, for which compensation, under the statute, may be given."

See, also, *Birkett* v. *Ice Co.*, 110 N. Y. 504; *Houston City Street R. Co.* v. *Sciacca*, 80 Tex. 350; *Little Rock, etc., R. Co.* v. *Barker*, 39 Ark. 491.

The jurors have all been boys. The average juror knows the conditions which surround a boy in a family like that of plaintiff. We think it cannot be said, as a matter of law, that there was no basis upon which to find a verdict for pecuniary loss. Upon the question of excessive damages, see, also, *Cooper* v. *Railway Co.*, 66 Mich. 261; *McDonald* v. *Steel Co.*, 140 Mich. 401.

Judgment is affirmed.

CARPENTER, C. J., and McALVAY. GRANT, and BLAIR, JJ., concurred.