PRATT *v.* DETROIT TAXICAB & TRANSFER CO.

1. EVIDENCE—AUTOMOBILES—CERTIFIED COPY OF APPLICATION FOR LICENSE ADMISSIBLE TO SHOW OWNERSHIP.

In an action by a father against a taxicab company for the loss of services of his minor son through injuries alleged to have been caused by defendant's taxicab, a certified copy of defendant's application to the secretary of State for registration of the taxicab bearing the plate

number of the one causing the injuries, *held*, admissible for the purpose of showing ownership by defendant.

2. APPEAL AND ERROR—OBJECTIONS MAY NOT BE RAISED FOR FIRST TIME ON APPEAL.

   Objections to the admission of a certified copy of defendant's application to the secretary of State for registration of a taxicab because of alleged defects, not made in the court below, may not be raised for the first time in the Supreme Court.

3. PARENT AND CHILD—LOSS OF SERVICES—EVIDENCE OF COST OF MAINTENANCE.

   Although, in an action for loss of services of a minor son, evidence of the cost of maintenance of said minor until he reached his majority is admissible, it is not necessary in order to sustain a judgment for plaintiff, where the surroundings of the parties are shown.

4. DAMAGES—EXCESSIVE VERDICT.

   A verdict for $2,225 for loss of services of plaintiff's minor son, six years and four months old, *held*, not excessive in view of evidence that the minor would probably lose the sight of both eyes, and that plaintiff had expended $225 for doctors, hospital bills, and other expenses.

Error to Wayne; Webster (Clyde I.), J. Submitted October 5, 1923. (Docket No. 49.) Decided November 13, 1923.

Case by William Pratt against the Detroit Taxicab & Transfer Company for loss of services of his minor son. Judgment for plaintiff. Defendant brings error. Affirmed.

*James O. Murfin* and *A. W. Sempliner* for appellant.

*Harry C. Milligan,* for appellee.

FELLOWS, J. The plaintiff brings this action to recover for the loss of services of his minor child who, it is claimed, received an injury at the age of six

years and four months through the negligence of defendant, resulting in impairment and probable total loss of his eyesight.    There was testimony tending to establish negligence on the part of the driver of a taxicab resulting in the injury to the minor's eyes, that he would probably lose the use of both eyes, and of the expenditure of $225 by plaintiff for doctors, hospital bills and other expenses caused by the accident.    There was testimony showing the age, calling and condition of health of the father and mother, the condition of the minor before and since the accident, that it had been the intention of the parents to set the minor to work when he arrived at the age of 16 and evidence that the wages of another minor son just past that age was $17.50 a week.    There was no evidence in the case upon the question of the cost of maintaining a child from the age of 6 to 21 years. The jury rendered a verdict of $2,225.    There was a motion for a new trial and its denial properly excepted to.    The questions here presented are within a very narrow compass.

1. Plaintiff offered in evidence a certified copy of defendant's application to the secretary of State for registration of the taxicab bearing the plate number of the one which caused the injury, for the purpose of showing ownership by defendant.    Objection to its reception was made on the ground that "this is not the proper way to prove it."    It is here urged that there are certain defects in the certificate which render the paper inadmissible, but no such objection was made in the court below and it can not be raised here for the first time.    As against the objection urged in the court below the paper was admissible. *Hatter* v. *Dodge Bros.*, 202 Mich. 97.

2. It was and is insisted that the trial judge was not authorized in submitting to the jury the question of plaintiff's pecuniary loss for the services of his

minor son by reason of the fact that such loss must be limited to the probable earnings of the minor less the expense of his living until he reached the age of 21, and that the case being barren of any evidence of the probable expense of his living, the verdict beyond the sum of $225 is without evidential support. It must be conceded that there is a want of harmony in our own decisions on this question.    In *Hurst* v. *Railway*, 84 Mich. 539, 546, the action was brought by the administrator of a deceased minor.    The court there said:

"It is well stated by counsel for the defendant that it has the same element and the same measure of damage which the parent sustains and can recover in case of permanent injury resulting in partial or total disability of the child to render services to the parent;    *    *    *

"It is contended on the part of the plaintiff that the statute does not contemplate that such damages are special, but refers every such action to the jury, to estimate and give such damages as they shall deem fair and just.    The statute provides that when a person is killed by negligence, and pecuniary injury results, the right of action for such injury survives to the personal representatives.    It clearly contemplates that pecuniary injury must result from the negligent act; and, therefore, to entitle a party to recover in such action, the negligence must not only be established, but also some pecuniary injury or loss must be shown by evidence.    Such damages for the loss of prospective earnings are special in their character, and must be specially pleaded, and a recovery can only be had based upon evidence establishing the fact."

In consonance with this holding are the following cases:   *Cooper* v. *Railway Co.*, 66 Mich. 261 (11 Am. St. Rep. 482) ; *Nelson* v. *Railway Co.*, 104 Mich. 582; *Rouse* v. *Railway*, 128 Mich. 149; *Beach* v. *City of St. Joseph*, 192 Mich. 296; *Ormsbee* v. *Railway Co.*, 197 Mich. 576; *Charlebois* v. *Railroad Co.*, 91 Mich. 59;

*Rajnowski* v. *Railroad Co.*, 74 Mich. 20; *Van Brunt* v. *Railroad Co.*, 78 Mich. 530.     But in *Black* v. *Railroad Co.*, 146 Mich. 568, the record was barren of evidence of the value of services or expense of maintenance of a minor, although there was evidence of the age, calling and condition of the parents, and that the boy was healthy, intelligent and of good disposition. It was held to be for the jury to determine from their experience the amount of damages, and it was said:

"The jurors have all been boys.     The average juror knows the conditions which surround a boy in a family like that of plaintiff.     We think it cannot be said, as a matter of law, that there was no basis upon which to find a verdict for pecuniary loss."

This case was cited in *Sceba* v. *Railway Co.*, 189 Mich. 308 (L. R. A. 1918C, 1090), although it was there recognized that there were two rules of evidence on the subject and the case was reversed because the plaintiff had been limited in his proof.     The case was cited in *Peklenk* v. *Isle Royale Copper Co.*, 187 Mich. 644.     It was also cited in *Gregory* v. *Oakland Motor Car Co.*, 181 Mich. 101, which was an action by a husband for loss of services of his wife and where, as pointed out by Justice STONE, the husband was entitled to recover beyond the value of the services of a servant in the home, and that the wifely attention was hardly a subject of estimate in dollars and cents.

Speaking for myself, I think we should follow the *Hurst Case* and hold that plaintiff was bound to establish by evidence of the value of the services and the cost of maintenance his pecuniary loss and the amount thereof, but my Brethren are agreed that we should follow the *Black Case* and hold that, although such testimony is competent and admissible, it is not necessary where the surroundings of the parties are shown, leaving to the jury to fix the damages from their personal knowledge and experience.

3. Accepting the conclusion reached by the court, I perceive no good reason for holding the verdict excessive.

The judgment will be affirmed.

WIEST, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.