STATE BAR OF MICHIGAN *v.* KUPRIS.

1. INJUNCTION—BROKERS—PRACTICE OF LAW.

Decree limiting licensed real-estate broker to filling out standard printed forms as printed by stationers when such action is incidental to the items of business he is transacting and no extra charge made therefor and no advice or counsel given as to legal effect and validity of such instruments *held,* proper in State Bar's suit to enjoin defendant broker from practicing law, where he had prepared and made a charge for preparing an instrument incident to transaction with which he was not involved as broker (CL 1948, § 451.201 *et seq.,* as amended; § 601.61).

2. ATTORNEY AND CLIENT—PRACTICE OF LAW—FILLING OUT BLANKS IN STANDARD FORMS.

One who fills out blanks in standard forms used in property transactions may not be said to be engaged in the law business or to be holding himself out to the public as an attorney at law,

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 5 Am Jur, Attorneys at Law § 3.
Drafting, or filling in blanks in printed forms, of instruments relating to land by real-estate agents, brokers, or managers as constituting practice of law. 53 ALR2d 788.
[5] 28 Am Jur, Injunctions §§ 299, 300.

where it is done incidental to the item of business transacted and no extra charge made therefor nor advice or counsel given as to the legal effect and validity of such instruments (CL 1948, § 601.61).

3. EVIDENCE—REAL-ESTATE BROKERS—FILLING OUT BLANKS IN STANDARD FORMS.

It is a matter of common knowledge that the practice of licensed real-estate brokers has involved the filling out of blanks in standard forms of instruments used in the transactions handled by them (CL 1948, § 451.201 *et seq.,* as amended).

4. EQUITY—DECREE—PLEADING.

A decree may not properly cover matters not presented by the pleadings.

5. COSTS—REAL-ESTATE BROKER—PRACTICE OF LAW.

No costs are allowed in suit to enjoin a licensed real-estate broker from engaging in the practice of law.

Appeal from Kent; Hoffius (Stuart), J. Submitted April 10, 1962. (Docket No. 50, Calendar No. 49,362.) Decided July 2, 1962.

Bill by State Bar of Michigan, a public body corporate, against William R. Kupris, individually and doing business as Williams Realty Company, to enjoin the drafting of legal documents and the filling in of forms in connection with operation of real-estate business. Decree for plaintiff enjoining performance of legal services but excepting the filling in of standard printed forms incidental to items of business being transacted. Plaintiff appeals asking broader order. Affirmed.

*J. Cameron Hall,* for plaintiff.

*Earl Waring Dunn,* for defendant.

CARR, C. J. The defendant in this case is a real-estate broker maintaining an office in the city of Grand Rapids and carrying on business under the name of Williams Realty Company. He was licensed as such broker by the Michigan corporation and securities commission in September, 1948. Inferential-

ly he has been conducting the business in question since that time.

Claiming that defendant has improperly engaged in the practice of law, the State Bar of Michigan filed the instant suit in the circuit court of Kent county for injunctive relief. It was alleged in the bill of complaint that in September of 1960 defendant acted as a real-estate broker in the sale of a restaurant at Cedar Springs, Michigan. In connection with the transaction a chattel mortgage was executed to the sellers of the property. Shortly after such transaction the purchasers undertook to resell the establishment and negotiated with parties desiring to purchase. The consent of the chattel mortgagees was deemed necessary and defendant agreed to prepare and obtain the execution of an instrument to evidence such consent. It was alleged further that defendant did not prepare a proper instrument for execution but that he charged the sum of $100 for his services and advice, for which amount a promissory note was given to him. In the resale of the restaurant business defendant did not act as a broker, another real-estate operator or broker having been retained to act in such capacity.

Plaintiff charged in its pleading that defendant's acts in the premises constituted the attempted practice of law, and that the procedure by which he undertook to assist the party contacting him was not such as to accomplish the desired result. Plaintiff alleged generally that such conduct on the part of defendant injured members of the public and if repeated would perhaps cause further injury. Relief by way of injunction was sought against defendant, restraining him "both temporarily and permanently, from drafting any legal documents, and from filling in forms of instruments, affecting or purporting to affect any rights or claims as between sellers and purchasers of

businesses or pertaining to real-estate transactions, and from giving any advice or opinion relative to such documents, and from engaging in the practice of law in the State of Michigan."

On the filing of the bill of complaint an order was issued requiring defendant to show cause why the relief sought should not be granted. Defendant made answer asserting that his acts in connection with the transaction referred to in plaintiff's bill of complaint were performed in an attempt to assist the broker handling the sale and purchase on behalf of the parties thereto. He further admitted that his attorney had advised him that such acts "probably did constitute the practice of law" and stated that he had returned to the owner of the property the sum of $100 received from him by way of compensation for services. While admitting that he had not handled properly the matter entrusted to him, he denied that any damage had resulted in consequence. He expressly consented that an injunction might issue in accordance with the holding of this Court in *Ingham County Bar Association* v. *Walter Neller Company,* 342 Mich 214 (53 ALR2d 777), restraining him from practicing law and from conveyancing or filling out forms except when incidental to the business transactions being conducted by him and for which no extra charge should be made.

On the hearing in circuit court counsel for plaintiff contended that an injunction should be granted in accordance with the prayer of the bill of complaint as above quoted. The circuit judge before whom the matter was heard rejected the claim of plaintiff's counsel that a broader restraint than was imposed in *Ingham County Bar Association* v. *Walter Neller Company, supra,* should be imposed on defendant. A decree was entered enjoining defendant:

"from performing legal services for, and from giving legal advice to, any persons in the State of Michigan, except that the defendant may engage in conveyancing, limited to the filling out of standard printed forms as printed by stationers, when such action is incidental to the items of business he is transacting, no extra charge is made therefor, and no advice or counsel is given as to legal effect and validity of such instruments."

. From the decree entered plaintiff has appealed, insisting that this Court should review and modify its holding in *Ingham County Bar Association* v. *Walter Neller Company, supra,* such claim being predicated on the theory that the protection of the public, as a practical proposition, requires that a licensed real-estate broker should be restrained from drafting legal documents and from filling in forms of instruments in transactions between sellers and purchasers of businesses or real estate. It will be noted that the injunction granted in circuit court limited defendant to the filling out of standard printed forms when incidental to the business being transacted, no extra charge therefor being made and no legal advice given. The question now before us on this appeal is, in consequence, whether such decree should forbid the filling out of forms in customary use in property transactions and, in effect, limit the acts of the real-estate broker to bringing the prospective seller and purchaser together, leaving to an attorney the completion of the transaction.

The bill of complaint filed by plaintiff sought injunctive relief against defendant on the basis of a single transaction into which he had entered and in which he was not the acting broker. Rather, he undertook to give advice, and to prepare a proper instrument that would grant the consent of the chattel mortgagees to the sale of the property by the mort-

gagors. Admittedly he at the time made a charge for his services. It is undisputed that defendant's action as taken did not accomplish the desired result. The decree granted injunctive relief with reference to conduct on the part of defendant with reference to which specific complaint was made in plaintiff's pleading. This case does not involve the handling of an ordinary transaction by a licensed real-estate broker retained by one or both of the parties to a contemplated purchase and sale. We think it must be said that the decree properly disposed of the issues raised by the pleadings.

The case as it has been presented to this Court on appeal indicates differences of opinion as to the scope of the expression "practice law or to engage in the law business" as used in CL 1948, § 601.61 (Stat Ann § 27.81), on which the instant suit is based. The section in its entirety reads as follows:

"It shall be unlawful for any person who is not a regularly licensed attorney and counselor of this State, or who is suspended or disbarred from practice, to practice law or to engaged in the law business; or to represent himself as an attorney at law, or to use any sign, letter head, return envelope, or writing, printing or advertising of any kind whatever in or by which he designates or represents his place of business as a law office or himself as a lawyer, attorney at law, counselor, or in any way represent to the public that he is an attorney at law, or his place of business a law office; or to make any representations to any person or persons either spoken or written, intended to lead such person or persons to believe that the person making such representations is an attorney at law: Provided, That this section shall not apply to licensed attorneys of other States while temporarily in this State."

Is the filling out of blanks in standard forms used in property transactions the practice of law in the general acceptance of the term? Clearly one who limits his activities in the manner indicated may scarcely be said to be engaged in the law business or to be holding himself out to the public as an attorney at law.

As before stated, defendant has been a licensed real-estate broker for a number of years past. The granting of licenses to brokers by the corporation and securities commission of the State is governed by PA 1919, No 306, as amended (CL 1948, § 451.201 *et seq.*, as amended [Stat Ann 1959 Rev and Stat Ann 1961 Cum Supp § 19.791 *et seq.*]). Under section 8 of the act, CL 1948, § 451.208, as amended by PA 1960, No 112 (Stat Ann 1961 Cum Supp § 19.798), the commission before granting a license is authorized to require satisfactory proof with reference to honesty, truthfulness, business experience, competence, and reputation of an applicant. Examination is also required, on which the applicant must show "a satisfactory understanding of the fundamentals of real-estate practice and of the laws and principles of real-estate conveyancing, deeds, mortgages, land contracts, leases, the obligations of a broker to the public and his principal, and the provisions of the Michigan statutes defining, regulating and licensing real-estate brokers and salesmen."

The language of the statute pertaining to the licensing of real-estate brokers suggests that the legislature had in mind the protection of the public interest and also the manner in which the businesses of such brokers have been generally conducted in past years in this State. It is a matter of common knowledge that such practice has involved the filling out of standard forms of instruments used in the transactions handled by the licensed broker. The language

of the statute relating to the qualifications and licensing of brokers is scarcely consistent with the claim that the activities of a licensed broker should be limited to bringing purchaser and seller together, leaving the further necessary steps in the transaction to an attorney. Obviously there has been no legislative determination that the public interest requires an express prohibition of such acts on the part of a real-estate broker handling a particular transaction within the permissive scope of the decree entered in the trial court in the instant case.

Counsel have cited numerous cases from other States. Concededly, the holdings under various statutes are not in harmony. We think, however, that the weight of authority clearly supports the conclusion reached by this Court in *Ingham County Bar Association* v. *Walter Neller Company, supra*. As is obvious from the opinion filed in that case the question at issue was given careful consideration, accompanied by extensive research. We cannot agree with plaintiff's contention that the application of the holding in that decision has resulted, or will result, in prejudicial consequences insofar as the general public is concerned. Many of the cases cited by counsel on the present appeal were discussed in the opinion of the Court. There is no showing in the record before us that pernicious results have followed from that decision as rendered in 1955. We are not persuaded that a stricter rule than was there pronounced is now required. The reasons stated in support of such rule are as potent at the present time as they were 7 years ago. No claim is made that there has been a change in circumstances throughout the State during the past 7 years necessitating the revision of the prior holding as urged by appellant.

On the record before him the trial judge made a proper disposition of the case. The decree entered

could not properly cover matters not presented by the pleadings. The conduct concerning which specific complaint was made was enjoined. So far as the principal question argued by counsel in their briefs is concerned, we think they are fully answered by the opinion in *Ingham County Bar Association* v. *Walter Neller Company, supra,* that the holding therein was correct, and that no revision by this Court is called for at this time. Neither is it necessary or desirable to discuss the various decisions there cited by way of authority.

The decree from which the appeal has been taken is affirmed. In view of the nature of the proceeding, no costs are allowed.

DETHMERS, KELLY, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred with CARR, C. J.

BLACK, J. (*concurring*). Were this a case of first impression I would hold, upon the reasoning of Mr. Justice SHARPE in the *Ingham County Bar Case* (pp 230–233), that the drafting of legal instruments by which title to real and personal property is conveyed, transferred or otherwise affected as between contracting parties, constitutes both the practice of law and engagement "in the law business". However, right or wrong, an overwhelming majority of the Court has supported Mr. Justice BUTZEL's contrary declaration that there can be no "objection to a licensed broker doing such work without compensation when it is incidental to his business". *Ingham County Bar Association* v. *Walter Neller Company,* 342 Mich 214, 229 (53 ALR2d 777).

In the present case a like majority of the Court has apparently concluded that *stare decisis et non quieta movere* is the order of the day. I yield, reluctantly, much as did Mr. Justice FELLOWS in

*Pratt* v. *Detroit Taxicab & Transfer Co.*, 225 Mich 147, 151. On that occasion our distinguished predecessor—demurring to the end—went along with his remaining Brethren when they adopted the rule of evidence found in *Black* v. *Michigan Central R. Co.*, 146 Mich 568.

KAVANAGH, J., concurred with BLACK, J.