# POPE COUNTY BAR ASSOCIATION, INC. *v.*
## Nadine SUGGS et al, ARKANSAS REALTORS ASSN., ABSTRACTORS, INC. et al

81-110                                          624 S.W. 2d 828

Supreme Court of Arkansas
Opinion delivered November 9, 1981
[Supplemental Opinion on Denial of Rehearing December 21, 1981.]

*James K. Young* of *Young & Finley* and *Richard E. Gardner* of *Gardner & Gardner,* for appellant.

*Cearley, Gitchel, Mitchell & Bryant,* by: *W. Dent Gitchel* and *Friday, Eldredge & Clark,* by: *Michael G. Thompson,* for appellees and cross-appellants.

*Jackson, Campbell, Parkinson, P.A.,* Washington, D.C., by: *Patricia D. Gurne* and *Richard W. Bryan,* for amici curiae, Abstractors, Inc. et al.

STEELE HAYS, Justice. The Pope County Bar Association brought suit to enjoin real estate brokers in Pope County from completing certain instruments involving real estate transactions without consulting a lawyer. The Bar Association contends that such acts constitute the practice of law and are against public policy. The Pope County brokers and the Arkansas Realtors Association, intervening as a party defendant, deny that the disputed acts constitute the practice of law. In a carefully drawn opinion the chancellor denied the injunction but limited the use of such instruments by realtors and both sides have appealed. We affirm the chancellor.

The chancellor held that brokers could fill in the blanks of certain standardized, printed forms in connection with simple real estate transactions, provided they had been previously prepared by a lawyer. The chancellor approved the use of standard warranty deeds, quitclaim deeds, release deeds, bills of sale, lease agreements and mortgages with power of sale under six specific restrictions:

(1) That the person for whom the broker is acting has declined to employ a lawyer to prepare the necessary instruments and has authorized the broker to do so; and

(2) That the forms are approved by a lawyer either before or after the blanks are filled in but prior to

delivery to the person for whom the broker is acting; and

(3) That the forms shall not be used for other than simple real estate transactions which arise in the usual course of the broker's business; and

(4) That the forms shall be used only in connection with real estate transactions actually handled by such brokers as a broker; and

(5) That the broker shall make no charge for filling in the blanks; and

(6) That the broker shall not give advice or opinions as to the legal rights of the parties, as to the legal effects of instruments to accomplish specific purposes or as to the validity of title to real estate.

By amendment, the decree was modified to define a "simple real estate transaction" as:

... those which involve a direct, present conveyance of a fee simple absolute between parties, which becomes effective immediately upon delivery of the title document. Such transactions do not include conveyances involving reservations or provisions creating life estates, limited or conditional estates, contingent or vested remainders, fee tails, easements or right-of-way grants, or any other conveyance of future, contingent or limited interest.

Eight abstract and title companies have filed a brief *amici curiae* supporting the decision of the trial court and requesting that they also be allowed to use the forms under the same restrictions. However, we decline to enlarge on the chancellor's decree. They do not become parties simply by filing a brief *amicus curiae* and would not be bound by the decree. Moreover, they are, in effect, introducing an issue not considered by the trial court. *Giles* v. *State*, 261 Ark. 413, 549 S.W. 2d 479 (1977); *Brown* v. *Wright*, 137 F. 2d 484 (CA 4 W. Va. 1943).

The issue presented here has been directly addressed by this court in three cases: *Creekmore* v. *Izard,* 236 Ark. 558, 367 S.W. 2d 419 (1963); *Ark. Bar Assn.* v. *Block,* 230 Ark. 430, 323 S.W. 2d 912 (1959); *Beach Abstract & Guarantee Co.* v. *Bar Assn. of Ark.,* 230 Ark. 494, 326 S.W. 2d 900 (1959).

In *Block* and *Beach,* decided on the same day, this court barred realtors and abstract companies from filling in the blanks in real estate forms incidental to their lawful business. Four years later, these decisions were modified by *Creekmore, supra.* In *Creekmore,* at 565, the majority stated:

> The relief here sought by appellant Sewell, the realtor, falls within the ambit of the merchant for the filling in of the simple standardized forms here involved is a necessary incident of his business just as the collection of the merchant's bills is a necessary incident of his business. Therefore we are ruling that the decision in *Ark. Bar Assn.* v. *Block,* 230 Ark. 430, 323 S.W. 2d 912, should be modified to provide that a real estate broker, when the person for whom he is acting has declined to employ a lawyer to prepare the necessary instruments and has authorized the real estate broker to do so, may be permitted to fill in the blanks in simple printed standardized real estate forms, which forms must be approved by a lawyer; it being understood that these forms shall not be used for other than simple real estate transactions which arise in the usual course of the broker's business and that such forms shall be used only in connection with real estate transactions actually handled by such brokers as a broker and then without charge for the simple service of filling in the blanks.

Appellant argues the *Creekmore* decision is limited to sparsely populated areas where lawyers are not readily available. Although this was a consideration in *Creekmore,* there is nothing in the opinion to indicate the decision was not intended to apply to every section of the state regardless of lawyer population. We can see no useful purpose to be gained by such a limitation; it would only lend uncertainty.

Defining what constitutes the practice of law has

proved extremely difficult for the courts. *Grand Rapids Bar Association* v. *Denkema,* 290 Mich. 56, 287 N.W. 377 (1939). In *Creekmore,* we recognized the difficulty by stating:

> The individual members of this court have spent many hours of research in trying to determine what does and what does not constitute the practice of law. After the oral argument was held, we requested *amicus curiae* briefs. There seems to be no clear definition of the term. (At page 564.)

The ultimate issue in this case is not so much whether realtors are practicing law when filling out these routine forms but whether it is in the best interest of the public to allow them to do so. This issue was addressed sensibly by the Colorado Supreme Court in *Conway-Bogue Realty Inv. Co.* v. *Denver Bar Association,* 135 Col. 398, 312 P. 2d 998 (1957), by holding identical activities as these to constitute the practice of law, finding at the same time that the public interest permitted such practices by brokers:

> We feel that the weight of authority and especially the more recent decisions, sanctions our holding that the acts of which complaint is made, done without separate charge therefor by licensed real estate brokers only in connection with their established business, and in behalf of their customers and in connection with a bona fide real estate transaction which they are handling as brokers, should not be enjoined.

> The plaintiffs have much logic in support of their contentions. Reason, public convenience and welfare appear to be on the side of the defendants.

> We feel that to grant the injunctive relief requested, thereby denying to the public the right to conduct real estate transactions in the manner in which they have been transacted for over half a century, with apparent satisfaction, and requiring all such transactions to be conducted through lawyers, would not be in the public interest; that the advantages, if any, to be derived by such limitation are outweighed by the

conveniences now enjoyed by the public in being permitted to choose whether their broker or their lawyer shall do the acts or render the service which plaintiffs seek to enjoin.

We are reluctant to say that the preparation of these instruments should not be classified as the practice of law. Standing alone, they fall readily within the meaning of that term. The difficulty is that they are not being considered in the abstract, but in the light and limitation of the six specific conditions carefully imposed by the chancellor in reliance on the decision of *Creekmore* v. *Izard, supra.* Even when examined in the context of these restrictions we regard the use and preparation of these instruments as so indigenous to the practice of law that it would be illogical to say they are not. But we can also say, as a majority of other jurisdictions have done, that it is in the public interest to permit the limited, outside use of standard, printed forms in the manner stipulated by the chancellor and we so hold. See 53 ALR 2d 788 #1 (b); *Conway-Bogue Realty Inv. Co.* v. *Denver Bar Association, supra.*

## II.

Appellees have cross-appealed alleging error in the definition of "simple real estate transactions" as those involving conveyance of a fee simple absolute and excluding easements, right of way grants and other conveyances of limited interests. We disagree. The line must be drawn somewhere and this seems the appropriate place. Easements, rights of way, future or contingent interests, remainders and the like, are *not* routine in comparison with the other transactions and the likelihood of error when prepared by laymen is appreciably greater. Besides, this safeguard serves a dual purpose: it protects the public interest by excluding the more complicated transactions, where a significant risk of error exists, and gives adequate notice to both the realtors and the public of the upper limits of the realtor's authority to act in such matters. We find no error in the order so modifying the decree.

Appellees argue that if the decree is left standing real

estate brokers will be merely volunteers in the preparation of these instruments and, hence, no one will be liable for the mistakes which will undoubtedly occur. We disagree with that concept of the brokers' role in these transactions. The fact that they are not to be paid for the specific task of preparing one or more of these instruments does not mean they are unaccountable for incompetence or neglect. They have a clear interest in the over-all transaction and are *not* obligated to prepare any of the instruments discussed here, even though the client ostensibly declines to have the necessary instruments prepared by a lawyer. These duties cannot be thrust upon the realtor and he undertakes them at his own exposure.

The decree is affirmed.

HICKMAN, J., concurs.

DARRELL HICKMAN, Justice, concurring. I agree with the result only because I feel bound by this court's decision in *Creekmore v. Izard,* 236 Ark. 558, 367 S.W. 2d 419 (1963). While I disagree with that decision it has been the law in Arkansas for over twenty years, and has been relied upon by laymen and lawyers alike. *Creekmore* should not be extended *at all.*

Even so, realtors should be aware that their negligence in preparing such legal documents may well be examined by applying a standard of care expected of attorneys. They sought and gained the right "to practice law." With that convenience goes a heavy responsibility to the public.

Supplemental Opinion on Denial of Rehearing
delivered December 21, 1981

257-A

PER CURIAM. By petitions for rehearing both sides have asked us to clarify our opinion of November 9, 1981. They contend that the chancellor's decision, which we affirmed without modification, is inconsistent because it authorizes brokers to prepare mortgages, release deeds, bills of sale and leases (as well as standard deeds) but limits the use of those instruments to simple real estate transactions which involve a direct, present conveyance of title in fee simple absolute between the parties. They point out that confusion exists in that some of the approved instruments (mortgages, bills of sale, release deeds and lease agreements) by their very nature do not effectuate a transfer of title in fee simple absolute.

They ask specifically if brokers are authorized to fill in the blanks of the standard, printed forms which the chancellor approved when the transaction only involves a mortgage, release deed, bill of sale or lease. The answer is that if the mortgage, bill of sale, release deed or lease is necessary and co-incidental to a real estate transaction (as the chancellor defined it), being handled by the broker in his capacity as a broker, then he is authorized to use the forms under the conditions imposed. If it is not, then his use of the forms would not be permitted and would constitute the unauthorized practice of law. The purpose of *Creekmore* v. *Izard,* 236 Ark. 558, 367 S.W. 2d 419 (1963), which the chancellor followed and which we affirmed, was to permit a broker to use these standard forms where it was necessary and reasonable in conjunction with real estate practices and it was *not* the intent of our decision in this case to exceed the limits set in *Creekmore.* There is no valid reason why a real estate broker would need to prepare any of the standard

forms disconnected from other real estate transactions as defined by the chancellor and if he were to do so it would seem quite plainly to constitute the practice of law.

Rehearing denied. Supplemental opinion issued.