DRESSEL v AMERIBANK

Docket No. 222447. Submitted April 11, 2001, at Grand Rapids. Decided August 3, 2001, at 9:05 A.M. Leave to appeal sought.

Paul and Theresa Dressel brought an action in the Kent Circuit Court against Ameribank, alleging that the document preparation fee that they had been charged by the defendant in connection with a real estate loan and mortgage that had been prepared by the defendant constituted the unauthorized practice of law by the defendant, was illegal under the state laws regulating banks, violated the Michigan Consumer Protection Act (MCPA), MCL 445.901 et seq., and ignored the common law. The case was certified as a class action for any borrowers who had been charged a document preparation fee. The court, Dennis C. Kolenda, J., granted summary disposition for the defendant. The plaintiffs appealed.

The Court of Appeals held:

1. The preparation of legal documents relating to the sale of real estate by real estate brokers has long been held by the courts of this state to constitute the unauthorized practice of law where a separate fee is charged for such services. A majority of other jurisdictions have reached a similar conclusion with respect to the preparation of such documents by a bank where a separate fee for such services is charged. Accordingly, because the document preparation fee that was charged by the defendant was for the preparation of the final legal papers relating to the loan agreement and mortgage entered into between the plaintiffs and the defendant, the preparation of such documents constituted the unauthorized practice of law within the meaning of the general statute prohibiting the unauthorized practice of law, MCL 600.916, and the statute that specifically prohibits a corporation from engaging in the unauthorized practice of law, MCL 450.681, unless the defendant's actions were justified by some exception to those prohibitions.

2. The defendant's assertion that its preparation of the loan and mortgage documents comes within the pro se exception found in both MCL 450.681 and MCL 600.916 that allows individuals and corporations to prepare legal documents for themselves is inapposite under the facts of this case. Although the defendant may have been an interested party to the transaction, the fact that it charged a sep-

arate fee for the preparation of the documents belies the assertion that the preparation was merely an act that was incidental to its own business activities, rather than a service that it was providing to its customers. Accordingly, the trial court erred in concluding that the preparation of legal documents by an interested party, where a fee is charged for the preparation of those documents, is not the unauthorized practice of law.

3. The defendant's claim that it is authorized under the Savings Bank Act, MCL 487.3101 *et seq.*, to charge a fee for the preparation of legal documents is without merit. The Savings Bank Act allows savings banks incorporated under its provisions to collect interest and charges on loans as permitted by the Credit Reform Act. Subsection 7(1) of the Credit Reform Act, MCL 445.1857(1), allows a bank to charge all fees and charges that are agreed to or accepted by a barrower; however, subsection 7(3), MCL 445.1857(3), provides that a bank shall not require a borrower to pay an excessive fee or charge. An excessive fee is defined in subsection 2(f), MCL 445.1852(f), as a fee that exceeds that permitted by the Credit Reform Act or any other applicable law or statute of this state. Because the charging by a bank of a fee for the preparation of legal documents constitutes the unauthorized practice of law under MCL 450.681, any fee charged by a bank for the preparation of legal documents would be an excessive fee under the Credit Reform Act and, thus, would not be a fee allowed under the Savings Bank Act.

4. The trial court dismissed the count alleging a violation of the provisions of the MCPA on the basis of its holding that the charging of a fee for the preparation of the legal documents was neither the unauthorized practice of law nor an illegal fee. Subsection 4(1)(a) of the MCPA, MCL 445.904(1)(a), provides that the MCPA is inapplicable to a transaction that is specifically authorized under laws administered by a regulatory board or officer of this state. However, because the fee imposed by the defendant for the preparation of the legal documents was not a lawful fee under the provisions of the Savings Bank Act, the plaintiffs' action under the provisions of the MCPA is not precluded, regardless of the fact that the defendant's general activities might have been specifically authorized under a law administered by a regulatory board or official acting under the statutory authority of this state.

Reversed and remanded.

1. BANKS AND BANKING — PREPARATION OF LEGAL DOCUMENTS — DOCUMENT
   PREPARATION FEES — UNAUTHORIZED PRACTICE OF LAW.

   A bank's preparation of legal documents relating to loan and mortgage agreements for the sale of real estate constitutes the unauthorized practice of law where a separate fee is charged by the bank

for such services and the person preparing the documents is not licensed to practice law (MCL 450.681, 600.916).

2. BANKS AND BANKING — SAVINGS BANKS — DOCUMENT PREPARATION FEES — UNAUTHORIZED PRACTICE OF LAW — SAVINGS BANK ACT.

Savings banks are not authorized under the provisions of the Savings Bank Act to charge a fee for the preparation of legal documents where the preparation of such documents would constitute the unauthorized practice of law (MCL 487.3101 *et seq.*).

3. ACTIONS — MICHIGAN CONSUMER PROTECTION ACT — SAVINGS BANKS — DOCUMENT PREPARATION FEES — UNAUTHORIZED PRACTICE OF LAW.

An action may be maintained against a savings bank under the provisions of the Michigan Consumer Protection Act where it is alleged that a document preparation fee charged by the bank for the bank's preparation of legal documents associated with the securing of a real estate loan and mortgage was an unlawful fee because the bank's activities in preparing the documents constituted the unauthorized practice of law (MCL 487.3101 *et seq.*).

*Drew Cooper & Anding* (by *John E. Anding* and *Christopher G. Hastings*), for the plaintiffs.

*Cunningham Dalman, P.C.* (by *Ronald J. Vander Veen*), for the defendant.

Amicus Curiae:

*Warner Norcross & Judd LLP* (by *James H. Breay* and *Carin L. Ojala*), for the Michigan Bankers Association.

Before: WHITBECK, P.J., and SMOLENSKI and COOPER, JJ.

COOPER, J. Plaintiffs appeal as of right from the trial court's June 12, 1999, opinion that granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). We reverse and remand.

On November 7, 1997, plaintiffs obtained from defendant a real estate loan that was secured by a mortgage on their home. In connection with the loan,

defendant prepared an adjustable rate note and a mortgage for plaintiffs. The settlement statement designated a $400 fee for "document preparation." According to the documentation defendant provided plaintiffs, the document preparation fee was described as "a separate fee that some lenders or title companies charge to cover their costs of preparation of final legal papers, such as a mortgage, deed of trust, note or deed." United States Dep't of Housing & Urban Development, *Buying Your Own Home*, part III, § a (HUD-398-H[4], 1997) (http://www.hud.gov/fha/sfh/res/sc3secta.html).

In December 1998, plaintiffs filed suit, arguing that the charge for completing mortgage documents constituted the unauthorized practice of law by defendant, was illegal under the laws regulating banks in this state, violated the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq.*, and ignored the common law of the state of Michigan. This case was certified as a class action on March 22, 1999, to provide potential relief for any borrowers who had also been charged the "document preparation" fee. Plaintiffs filed a motion for partial summary disposition on March 26, 1999. On April 5, 1999, defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (10). The trial court granted defendant's motion for summary disposition on the basis of MCR 2.116(C)(10). Plaintiffs now appeal the trial court's decision.

This Court reviews de novo a grant or denial of summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). Summary disposition of a claim may be granted when, "[e]xcept as to the amount of damages, there is no

genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10); see also *Smith v Globe Life Ins Co*, 460 Mich 446, 454-455; 597 NW2d 28 (1999).

Plaintiffs contend the "document preparation" fee is, under these circumstances, the unauthorized practice of law. We agree.

Michigan law prohibits the unauthorized practice of law by individuals. MCL 600.916. Moreover, MCL 450.681 specifically enjoins corporations from practicing law without a license. That statute, in pertinent part, provides:

> It shall be unlawful for any corporation or voluntary association to practice or appear as an attorney-at-law for any person other than itself in any court in this state or before any judicial body, or to make it a business to practice as an attorney-at-law, for any person other than itself[.] . . . This section shall not apply to any corporation or voluntary association lawfully engaged in a business authorized by the provisions of any existing statute, nor to a corporation or voluntary association lawfully engaged in the examination and insuring of titles of real property, nor shall it prohibit a corporation or voluntary association from employing an attorney or attorneys in and about its own immediate affairs or in any litigation to which it is or may be a party [.] . . . But no corporation shall be permitted to render any services which cannot lawfully be rendered by a person not admitted to practice law in this state nor to solicit directly or indirectly professional employment for a lawyer.

However, these statutes fail to define precisely what constitutes the "practice of law." Rather, such determinations have been left to the discretion of the courts. *State Bar of Michigan v Cramer*, 399 Mich 116, 132; 249 NW2d 1 (1976). The courts must weigh

all the factors, keeping in mind the purpose of the prohibition, which is to protect the public from untrained legal counsel and incorrect legal advice. *Id.* at 133-134.

Several Michigan cases have endeavored to provide relevant criteria to determine what activities amount to the practice of law. For example, the Court, in *Grand Rapids Bar Ass'n v Denkema*, 290 Mich 56; 287 NW 377 (1939), concluded that charging a fee for the preparation of legal instruments for others constitutes the practice of law. In that case, the defendant, who was not an attorney, was engaged in the business of insurance and real estate loans and had, among other things, drawn mortgages and wills for others. *Id.* at 59-60. The trial court enjoined defendant's activities, and he appealed the portion of the injunction that prevented him from taking notes concerning wills and then transmitting that information to an attorney. *Id.* at 64-65.

Our Supreme Court examined numerous cases from other jurisdictions and noted:

> The preparation of conveyances of real estate and personal property by the defendant for others, for a consideration, comes within the usual and ordinary definition of "practice of law." The preparation of legal papers in connection with his business as a loan broker has been held to be the practice of law. [*Id.* at 66, citing *Ferris v Snively*, 172 Wash 167; 19 P2d 942 (1933); *State ex rel Wright v Barlow*, 131 Neb 294; 268 NW 95 (1936).]

The Court also agreed with the proposition that the preparation of legal documents, when done as a business, constitutes the practice of law. *Denkema, supra* at 66-67, citing *People v Alfani*, 227 NY 334; 125 NE

671 (1919); *Paul v Stanley*, 168 Wash 371; 12 P2d 401 (1932).

The Court in *Denkema* further discussed whether the preparation of documents, without providing counsel or advice with regard to the effects of those documents, is considered the practice of law.

> "We do not desire to be understood as saying that the mere act of drawing a promissory note, chattel mortgage, real estate mortgage, deed or other similar instruments would constitute the practice of law, where the person so drawing them acts merely as an amanuensis and does not advise or counsel as to the legal effect and validity of such instruments." [*Denkema, supra* at 67, quoting *Barlow, supra* at 296.]

Ultimately, the Court concluded that "[t]he activities of the defendant in connection with the probate of estates in which he was not personally interested come within the prohibition of the Michigan statute." *Denkema, supra* at 69. Thus, *Denkema* provides that the preparation of legal documents constitutes the practice of law when it is done as a business, by an uninterested party, and when advice or counsel is given concerning the effect of those documents.

About fifteen years later, in *Ingham Co Bar Ass'n v Walter Neller Co*, 342 Mich 214; 69 NW2d 713 (1955), the Supreme Court revisited the question of what constitutes the practice of law. In that case, the defendants, who were not attorneys but were licensed real estate brokers, had filled in printed forms of various legal significance that were incidental to the real estate transactions in which they were engaged. *Id.* at 217. However, the defendants did not charge any extra fees for these services. *Id.*

The *Walter Neller* Court compared the facts in *Denkema* with the facts of the case before it, stating that

> [t]he difference between the *Denkema Case* and the one at bar is that in the former the defendant appeared to be in the business of executing these instruments *rather than doing so without extra compensation* and as incidental to another lawful business—the situation at bar. [*Id.* at 222 (emphasis added).]

The Court held that "[t]here cannot be any objection to a licensed broker doing such work [filling in standardized forms of agreements of purchase and sale, land contracts, deeds, and mortgages] *without compensation* when it is incidental to his business." *Id.* at 229 (emphasis added).

The *Walter Neller* decision was upheld in *State Bar of Michigan v Kupris*, 366 Mich 688; 116 NW2d 341 (1962). In *Kupris*, the defendant realtor charged a separate fee for the preparation of legal documents in a transaction in which he was not involved. *Id.* at 690. The trial court enjoined the defendant from performing legal services and giving legal advice but allowed him to continue filling out standard printed forms that were incidental to his business, provided that no extra charge was made. *Id.* at 691-692. On appeal, the Court reaffirmed the *Walter Neller* decision and upheld the trial court's injunction. Thus, *Kupris* implied that the trial court's injunction was consistent with the holding of *Walter Neller. Id.* at 696.

Despite the numerous cases pertaining to real estate brokers, Michigan case law has yet to declare specifically that charging a separate fee for the preparation of legal documents by a banking institution

constitutes the unauthorized practice of law. However, such a conclusion is supported by a significant body of case law in other jurisdictions. After examining the case law of other states that have decided this issue, we find that the majority have concluded that filling in legal documents incidental to one's business, for a fee, constitutes the unauthorized practice of law.[1] In fact, the Indiana Supreme Court has specifically confronted the question whether lay bank employees may fill in blanks on standardized forms. *Miller v Vance*, 463 NE2d 250, 253 (Ind, 1984). The Indiana court concluded that they could do so only as long as the mortgage form had been approved by an attorney, the bank and the bank's client were involved in the transaction requiring the mortgage, the bank employee did not give advice concerning the legal effects of the document, and the bank did not make a separate charge for the preparation of the document. *Id.* Likewise, in *Cain v Merchants Nat'l Bank & Trust Co of Fargo*, 66 ND 746; 268 NW 719 (1936), the Supreme Court of North Dakota allowed a defendant to continue preparing documents that were incidental to its business provided that no separate fee was charged.

There are some states that have taken the opposite position and do not agree that compensation for legal

---

[1] See Comment, *Too many hands in the cookie jar: the unauthorized practice of law by real estate brokers*, 75 Or L R 889, 900 (1996); see also *In re First Escrow, Inc*, 840 SW2d 839 (Mo, 1992); *Pulse v North American Land Title Co of Montana*, 218 Mont 275; 707 P2d 1105 (1985); *Miller v Vance*, 463 NE2d 250 (Ind, 1984); *Pope Co Bar Ass'n, Inc v Suggs*, 274 Ark 250; 624 SW2d 828 (1981); *In re Flint*, 110 Vt 471; 8 A2d 655 (1937); *Cain v Merchants Nat'l Bank & Trust Co of Fargo*, 66 ND 746; 268 NW 719 (1936); *Childs v Smeltzer*, 315 Pa 9; 171 A 883 (1934); *State v Bryan*, 98 NC 644; 4 SE 522 (1887); Tex Gov't Code Ann 83.001(a); Va UPL Op No 94.

services, performed by a non-attorney, can transform those services into the unauthorized practice of law. See *Perkins v CTX Mortgage Co*, 137 Wash 2d 93; 969 P2d 93 (1999). However, the states that follow this view have also recognized that the existence of a fee is not completely irrelevant. For instance, the Minnesota Supreme Court noted that while a charge alone may not be determinative of whether an action constitutes the unauthorized practice of law, it does reflect the parties' value of the services. *Cardinal v Merrill Lynch Realty/Burnet, Inc*, 433 NW2d 864, 869 (Minn, 1988).

> If a charge is made for the services, it is likely that both the actor and the recipient, as reasonably intelligent nonlawyers who are reasonably familiar with similar transactions, understand the legal question to be difficult or doubtful. An uncompensated service is much more likely to involve only uncomplicated questions. Hence, whether the service was performed for or without a fee is relevant to and a factor in, even though not determinative of, the decision whether the service constituted the unauthorized practice of law. [*Id.*]

Thus, even under the Minnesota analysis, if the existence of a fee was not determinative it would still be an important factor.

This Court agrees with the majority opinion of the states that charging a fee can take an otherwise incidental act into the realm of the unauthorized practice of law. We agree that drafting mortgage documents was incidental to defendant's business; however, the key issue is the fact that a fee was charged for those services. As indicated above, several Michigan cases dealing with realtors have highlighted the fact that when a separate fee is charged, certain acts become

the unauthorized practice of law. See *Kupris, supra* at 696; *Walter Neller, supra* at 229. It is particularly notable that the Court in *Walter Neller* specifically included the provision "without compensation" in its conclusion that brokers who fill in documents incidental to their business are not practicing law. *Id.*

In *Bay Co Bar Ass'n v Finance System, Inc,* 345 Mich 434; 76 NW2d 23 (1956), our Supreme Court declared the practices of two claim agencies to be the unauthorized practice of law. In that case, the agencies took assignments of claims from creditors. *Id.* at 436. After efforts to collect on the claims were exhausted, the agencies would bring suit on the claims, often without the assistance of an attorney, and collect a portion of the outcome. *Id.* The Supreme Court quoted with approval from the opinion of the Utah Supreme Court in *Nelson v Smith,* 107 Utah 382, 392-393; 154 P2d 634 (1944):

> "[W]here the collection practice involves the preparing of legal papers, furnishing legal advice and other legal services, the compensation allowed must be assumed to be in part allowed to pay for the legal services so rendered. No matter how one looks at it, this constitutes the rendering of legal services for others as a regular part of a business carried on for financial gain." [*Finance System, supra* at 442.]

Thus, the Court clearly considered the compensation to be demonstrative of the collection agencies' involvement in the unauthorized practice of law.

Furthermore, despite defendant's arguments to the contrary, we find no applicable exceptions to justify defendant's actions. Defendant claims that it was acting on its own behalf when it prepared plaintiffs' mortgage and that the "pro se exception," in MCL 450.681 and MCL 600.916, allows individuals and com-

panies to prepare legal documents for themselves. Thus, defendant opines that its actions were not the unauthorized practice of law because it was an interested party to the transaction. However, we believe that the separate fee for the preparation of mortgage documents by a bank crosses the threshold of providing services for the bank's own benefit and engaging in a business where a profit is made from manufacturing legal documents without the requirement of licensure from the state bar. If the preparation of the mortgage documents for defendant's customers was not a service, but rather incidental to its business as defendant claims, then there would be no basis for the separate charge to defendant's customers. Thus, the trial court erred in concluding that the preparation of legal documents by an interested party, where a fee is charged, is not the unauthorized practice of law.

Defendant's claim that it is authorized under the Savings Bank Act, MCL 487.3101 *et seq.*, to charge a fee for the preparation of legal documents is also unfounded. The Savings Bank Act provides for the incorporation of savings banks within this state. This act grants a savings bank, incorporated under the statute, the power to "engage in the business of banking and exercise all powers incidental to the business of banking or which further or facilitate the purposes of a savings bank." MCL 487.3401(1). The Savings Bank Act further allows a bank to "collect interest and charges on loans . . . [a]s permitted by the credit reform act." MCL 487.3430(1)(a).

The Credit Reform Act, MCL 445.1851 *et seq.*, allows a bank to "charge . . . a borrower . . . all fees and charges that are agreed to or accepted by the

borrower . . . ." MCL 445.1857(1). This grant of authority to charge fees is limited, however, to fees that are not excessive. MCL 445.1857(3). An excessive fee is defined by the act to be a fee that "exceeds the amount allowed in section 6(1), (2), or (3), section 7, or any other applicable law or statute of this state." MCL 445.1852(f). Charging a fee for the preparation of legal documents constitutes the unauthorized practice of law under MCL 450.681. Thus, the grant of authority in the Credit Reform Act to charge nonexcessive fees does not authorize a document preparation fee for legal documents because such fees would be in violation of MCL 450.681. Therefore, defendant was not authorized by law to charge a document preparation fee for plaintiffs' mortgage.

Defendant further raises the argument that automobile dealers are statutorily permitted to charge fees for contract preparation under the Motor Vehicle Sales Finance Act, MCL 492.101 *et seq.* However, a review of that act shows that it does not specifically authorize a fee for legal documents. MCL 492.117, 492.131.

Plaintiffs also included, in their complaint, causes of action under the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq.* The trial court's opinion reasoned that because the remainder of plaintiffs' claims were erroneously premised on the theory that either defendant had engaged in the unauthorized practice of law or had illegally charged plaintiffs a fee, plaintiffs could not prevail on any of their theories of relief. Plaintiffs now argue that because the trial court's underlying assumptions on the unauthorized practice of law and fee issues were erroneous,

the trial court erred in dismissing their MCPA claims. We agree.

"The MCPA is a remedial statute designed to prohibit unfair practices in trade or commerce and must be liberally construed to achieve its intended goals." *Forton v Laszar*, 239 Mich App 711, 715; 609 NW2d 850 (2000). Our Supreme Court, in *Smith, supra* at 462, considered the applicability of the language of subsection 4(1)(a) of the MCPA, MCL 445.904(1)(a), which provides that the MCPA is inapplicable to a "transaction or conduct specifically authorized under laws *administered by a regulatory board or officer acting under statutory authority of this state . . . .*" (Emphasis added.) The *Smith* Court concluded that the defendant insurance company's general transactions were specifically authorized by law and, accordingly, were exempt from the MCPA.[2] *Smith, supra* at 465. Similarly, defendant in the instant case was specifically authorized by law to make loans, MCL 487.3401, and was regulated by the Financial Institutions Bureau of this state as well as federal authorities, MCL 445.1601 *et seq.*

However, MCL 445.904(2)(d), as amended by 2000 PA 432, provides an exception for actions filed by individuals challenging acts or practices made unlawful by the Savings Bank Act. Because defendant's actions were unlawful under the Savings Bank Act, an action under the MCPA is not precluded, regardless of the fact that defendant's general activities were specifically authorized. See *Smith, supra* at 467.

---

[2] However, the Court later concluded that the defendant's actions fell within the exception and thus individuals could file a cause of action under the MCPA if the defendant's actions were made unlawful by chapter 20 of the Insurance Code, MCL 500.2001 *et seq. Smith, supra* at 467.

Accordingly, we reverse the decision of the trial court and find that defendant engaged in the unauthorized practice of law when it charged a separate fee for the preparation of legal documents. We remand to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.